[Department One. — January 16, 1883.]

# IN THE MATTER OF THE ESTATE OF H. S. BUR-TON, DECEASED.

PROBATE PROCEEDINGS — HOMESTEAD. — The setting apart of a homestead in the course of probate proceedings has no effect upon the title to the land, and an adverse claim of title cannot be interposed to defeat an application for that purpose.

ID. — PRACTICE — FINDINGS. — The widow of the deceased applied to the court to set aside a homestead for the use of the family. Appraisers were appointed, and made their report, but its confirmation was objected to on the ground that the land was not a part of the estate. After a hearing the court sustained the objection, set aside the report, and dismissed the petition. The applicant requested findings, but none were filed. Held, that she was entitled to findings, and that it was error to enter judgment without them.

APPEAL from a judgment of the Superior Court of the county of San Diego, and from an order refusing a new trial.

*S. Heydenfeldt, A. B. Hotchkiss*, and *A. Brunson* for Appellant.

*Leach & Parker*, for Respondent.

McKEE, J. — Maria H. Burton, widow of H. S. Burton, deceased, petitioned the Probate Court of San Diego County, in which administration of the estate of the decedent was pending, for a homestead to be set apart for the use of the family of the deceased, out of the Jamul Ranch, in that county, on which she resided with her children since the death of her husband. The ranch had been inventoried and appraised as part of the estate of the deceased.

Appraisers who had been appointed by the court for that purpose, filed their report that they had set apart, out of the ranch, a homestead, by metes and bounds, including the family residence, for the use of the family of the deceased. But on the filing of the report, objections to its confirmation were made by

one who claimed title to the ranch, on the grounds that the decedent, in his lifetime, had no title or interest in the ranch; and that, after his death, the United States had, by patent, granted it to the widow and her children, from whom the contestant had, by mortgage, foreclosure, sale, and deed, obtained the title. The court heard and sustained the objections, set aside the report of the appraisers, refused to set apart a homestead, and dismissed the petition of the widow. Upon the announcement of the determination counsel for the petitioner requested findings, but none were made and filed, and from the orders refusing to set apart the homestead, and denying a motion for a new trial, the petitioner appeals.

We think the petitioner was entitled to findings. The rules of pleading and practice in civil cases are applicable to proceedings in the Probate Courts. Issues joined in such proceedings are to be tried and determined by that court as in civil cases (§§ 1312, 1713, 632, 633, 634, Code Civ. Proc.); and upon trial by the court, without a jury, parties to the proceedings were entitled to findings, unless they were waived. (§ 634, *supra;* *Haffenegger* v. *Bruce,* 54 Cal. 416.) As findings were not waived, it was error to enter judgment without them.

Besides, upon the admitted facts of the petition, the petitioner was entitled to have a homestead set apart for the use of the family of the deceased, out of the real property inventoried and appraised to the estate without reference to its title. It may be that the decedent in his lifetime had not the true title to the ranch; yet he had had, until his death, as appears by the record, the actual possession, use and enjoyment of it, under color of title. During his lifetime he had not made and recorded a declaration of homestead upon it. After his death it was inventoried and appraised as a part of his estate, and as he left surviving him his widow and children, who resided on the ranch, it was the duty of the court, under § 1465, Code Civ. Proc., to set apart out of it a homestead for their use. (*Ballentine's Estate,* 45 Cal. 696; *Estate of Wixon,* 25 Cal. 324; *Estate of McCauley,* 50 Cal. 544.) That duty was imperative upon the facts stated in the petition. Performance of it would not change the property itself, nor affect the true title to it. In exercising its jurisdiction over the property, for the purpose of

the law the court would deal with it only as an asset of the estate. Being inventoried and appraised as such, the property was subject to the jurisdiction of the court in the administration of the estate; and in setting apart a portion of it for a homestead for the widow and children of the deceased, it would simply withdraw such portion from the other assets as exempt by law from the claims of creditors. (*Rich* v. *Tubbs,* 41 Cal. 34; *Schadt* v. *Heppe,* 45 Cal. 434.) But neither the inventory of the ranch as property of the estate, nor the withdrawal of a portion of it from the estate for a homestead, would affect or adjudicate the question of title as between parties claiming title to the ranch itself. As has been said in the *Estate of Moore,* 57 Cal. 437, a probate homestead is not an estate, either at law or in equity; any question, therefore, as to the title of the property out of which the homestead may be set apart must be tried and determined in another forum. (*Estate of James,* 23 Cal. 417; *Estate of Orr,* 29 Cal. 101; *Estate of Delaney,* 37 Cal. 176.)

Judgment and order reversed, and cause remanded for further proceedings.

McKINSTRY, J., and ROSS, J., concurred.