[No. 19082.   Department Two. — February 9, 1893.]

In the Matter of the Estate of M. M. KIM-
BERLY, Deceased.

| 97  | 281 |
| 109 | 527 |
| 97  | 281 |
| 121 | 278 |

Estates of Deceased Persons — Setting aside Homestead — Adverse Title. — Upon an application to set aside a homestead for the widow and minor children of a decedent out of property claimed to belong to the estate, and inventoried as such, the question of the validity of an adverse title claimed by contestants to an undivided interest in the property sought to be set apart is one not proper to be litigated, and it is error for the court to refuse to set aside the homestead.

Id. — Litigation of Adverse Title. — Whether the contestants acquired an interest in the property described in the petition for homestead under foreclosure proceedings, can only be determined in an appropriate action brought for that purpose, and not in the proceeding to set aside the homestead in the probate court.

Appeal from an order of the Superior Court refusing to set aside a homestead.

The facts are stated in the opinion of the court.

*B. F. Thomas,* for Appellant.

In hearing applications to have homesteads set aside, questions of title cannot be tried. (*Estate of Burton,* 63 Cal. 36; 64 Cal. 428.) The application being made in a proper form, and the premises being a part of the estate of the decedent, and inventoried as such, the court had no discretion in the matter; but it was its imperative duty to set aside a homestead. (*De Martin* v. *De Martin,* 85 Cal. 75; *In re Lahiff,* 86 Cal. 153; *Estate of Moore,* 57 Cal. 444; *In re Groome's Estate,* 94 Cal. 69; *Estate of Ballentine,* 45 Cal. 696; *In re Davis,* 69 Cal. 458; *Estate of Burton,* 63 Cal. 36.)

*E. B. Hall*, and *Richards & Carrier*, for Respondents.

It was competent for the probate court to examine into the title, as the real estate was mentioned in the inventory, and the examination was proper as a basis for the exercise of the court's discretion in selecting one parcel or another as a homestead. (*Estate of Burton*, 64 Cal. 428.) All of the cases cited and relied on by appellant have reference to interests accruing subsequent to the death of the testators or intestates, and are therefore not pertinent to the case at bar.

DE HAVEN, J.—Appeal from an order refusing to set aside a homestead for the widow and minor children of deceased out of property claimed to belong to the estate of the deceased, and inventoried as such.

In refusing to set aside a homestead for the widow and minor children of deceased, the court erred. The question of the validity of the adverse title claimed by the contestants to an undivided interest in the property sought to be set apart as a homestead is one not proper to be litigated in this proceeding. (*In re Groome*, 94 Cal. 69; *Estate of Burton*, 63 Cal. 36.) Whether the contestants acquired, by virtue of the foreclosure proceedings referred to in the findings of the court, any interest in the land described in the petition for homestead must be determined in some appropriate action brought for the purpose of settling that question. The question is not involved here, and we express no opinion in relation to it.

Order reversed.

FITZGERALD, J., and MCFARLAND, J., concurred.