[S. F. No. 907. Department One.—June 25, 1898.]

In the Matter of the Estate of JANE MATHENY, Deceased. JOHN A. MILLER, Appellant, v. NEAL G. MATHENY et al., Respondents.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—SEPARATE PROPERTY —INVALID DEVISE—DISTRIBUTION TO HEIRS.—Section 1468 of the Code of Civil Procedure is a limitation upon the power of testamentary disposition, and operates to vest the title to a probate homestead selected and set apart by the court out of the separate property of a deceased spouse in the heirs at law, and so to withdraw it from the disposition made by the testator under the will; and the effect of an order of the probate court setting apart, for a limited period, separate property of the decedent to a surviving spouse, which has been devised to another person, and upon which no *ante-mortem* homestead had been filed, is to invalidate the devise, and such property should be distributed to the heirs at law of the decedent subject to the homestead.

APPEAL form a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

John E. Richards, for Appellant.

Edward C. Harrison, and Blake & Harrison, for Neal G. Matheny, Respondent.

W. H. Mahoney, for Executors, Respondents.

W. W. Davidson, for Henry Shannon and other heirs, Respondents.

CHIPMAN, C.—Appeal from decree of final distribution. Appellant, John A. Miller, is the devisee by the will of deceased of certain real estate situated in the city and county of San Francisco. This real estate was the separate property of deceased in her lifetime, and was by order of court duly set apart to her surviving husband as a homestead for the term of five years, none having been selected by decedent or her husband. By decree of partial distribution all the estate was disposed of except the premises in controversy. The final decree distributed this property to the heirs at law of decedent.

The sole question presented by appellant to which he asks answer is: What is the effect of an order of a probate court setting apart, for a limited period, separate property of a decedent to the surviving spouse, which has already been devised to another person and upon which no *ante-mortem* homestead has been filed?

It is conceded by appellant that the question is answered in the case of *In re Walkerly*, 108 Cal. 627; 49 Am. St. Rep. 97; but counsel says that there "the issue was involved in several other perplexing problems, and was comparatively a minor factor in the general result." The precise question arose in that case, was given careful consideration, and received a deliberate answer. It is true that the devise was in trust for and not directly to the beneficiaries named, but that fact cannot affect the question. It was earnestly contended in that case, as it is here, that there exists an irreconcilable conflict between section 1468 of the Code of Civil Procedure, by which the separate property selected as a

homestead by the court vests in the "heirs" of deceased, subject to the homestead, and section 1265, of the Civil Code, where a homestead, selected from the separate property during the life of the spouse without his consent, goes upon his death to his "heirs and devisees," and that these sections can only be harmonized and both allowed to stand by reading into the section 1468 the words "or devisees." Appellant presents with much clearness the reasons for adopting this method of harmonizing these apparently inharmonious provisions. But we find no phase of the argument now made which did not have consideration in the Walkerly case. After a clear statement of the objections as then and now urged, and the reasons for not yielding to their force, Mr. Justice Henshaw, in concluding that branch of the opinion, remarks as follows: "The section is plain and unambiguous. Its meaning is in no way uncertain, and, when that meaning is found, nothing is left but to declare it. The wisdom of the law is for the legislature alone. It is concluded, therefore, that the section is a limitation upon the power of testamentary disposition, and operates to vest the title to the homestead in the heirs at law, and so to withdraw it from the disposition made by the testator under his will." This opinion had the concurrence of an undivided court which afterward denied a rehearing. The answer to appellant's question, therefore, as given in the case of *In re Walkerly, supra,* must be regarded as final and conclusive.

The judgment and decree should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and decree are affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.