[S. F. No. 3700.   Department Two.—November 5, 1904.]

In the Matter of the Estate of JOSEPH BELLAMY FIRTH, Deceased.   JOSEPH KIRK FIRTH and FANNY FIRTH, Appellants, v. EVELINA L. FIRTH, Respondent.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—RIGHTS OF WIFE.
   —The right of the surviving wife to a probate homestead is an independent right which she has in addition to any other right or property which she may have, whether acquired under her husband's will or otherwise.

ID.—DEVISE OF RESIDENCE TO WIFE—HOMESTEAD UPON PROPERTY OTHERWISE DEVISED—JURISDICTION OF COURT.—The devise to the wife of the house and lot in which the deceased husband lived with her for several years prior to his death, does not affect the jurisdiction of the court to set apart a homestead to her for life out of other

separate property of the husband, though devised to other persons. The right to devise is subject to the power of the court to set apart a homestead.

ID.—QUALIFICATION OF WIFE AS EXECUTRIX—HOMESTEAD NOT WAIVED.—The wife did not waive her right to a probate homestead by qualifying as executrix under the will.

ID.—IMPROPER PART OF ORDER—DETERMINATION OF TITLE.—It was improper to include in the order setting apart the homestead a determination of where the title of the property shall vest upon the termination of the homestead. The adjudication should be limited to the question whether the wife should have the homestead.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting apart a homestead. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

James G. Maguire, for Appellants.

Davis Louderback, for Respondent.

McFARLAND, J.—While the estate of Joseph Bellamy Firth was in course of administration the court made an order setting apart to the surviving widow, Evelina L. Firth, a certain part of the real property of the estate as a homestead,—and also containing an adjudication about another matter which will be noticed hereafter. From this order Joseph K. Firth and Fanny Firth, heirs at law of the deceased and devisees under his will, appeal. They are adult children by a former marriage; he left no minor children.

The facts necessary to the determination of this appeal are these: All the property of the deceased was his separate property, and it was of the appraised value of $23,584. He left a will by which he devised to the widow a lot with a house thereon situated on Guy Street, in San Francisco, in which he had lived with her for several years immediately prior to his death. It was a suitable place for a residence and was of the appraised value of thirty-five hundred dollars. He also left her one thousand dollars in money, and directed that during the period of administration she should have forty dollars per month. The rest of his property he gave to others, the most of it going to the appellants herein. The property which the court set aside as a homestead was a lot twenty-five

feet front, with a house thereon, situated on Tehama Street, in said city, and it also was suitable for a residence, and was of the appraised value of thirty-five hundred dollars. This lot is a part of the property devised in the will to the appellants. There never had been any recorded homestead by either the deceased or the respondent. The respondent and Joseph K. Firth, one of the appellants, were appointed executors and qualified. The homestead was set apart to respondent for and during her life.

The main contentions of appellant as to the part of the order setting apart the homestead are,—1. That the court had no power or jurisdiction to make the order, because the respondent had another residence at the time the order was made; and 2. That under the condition of the estate, and the circumstances presented, the making of the order was an abuse of discretion. Neither of these contentions is, in our opinion, maintainable.

The jurisdiction of a probate court to set aside a homestead to the surviving wife is not subject to the condition that she does not have any other property, or any other property fit to live in. Such jurisdiction is excluded only when she has already a legal homestead; and a mere place fit to reside in is not a homestead unless it has been impressed with that character by certain acts required by the law to be done for that purpose. The code provides that if no homestead "has been selected, designated, and recorded, . . . the court must select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife . . . out of the common property, or if there be no common property, then out of the real estate belonging to the decedent." (Code Civ. Proc., sec. 1465.) (There is also another provision that if the probate homestead be selected out of the separate property of the deceased it must be only for a limited period; which provision was followed in the case at bar.) This power and duty of the court to set apart the homestead is not, in any part of the statutory law, limited to a case where the widow has no other property; and if she has other property, it matters not how she had obtained it,—whether under her husband's will or otherwise. Her right to a probate homestead is an independent right which she has in addition to any other right or property which she may have. A somewhat

plausible argument might perhaps be made to the point that a very wealthy widow should not be allowed a probate homestead on her deceased husband's separate property (although it would not apply to the case at bar); but such an argument would be properly addressed only to the legislature in support of an amendment to the law on that subject, for courts must take the law as they find it. And the power of the court to set aside a homestead on property which had been devised to others is well established. In *Estate of Huelsman,* 127 Cal. 275, the court say: ''Despite the fact that the farm had been specifically devised, one half to the widow, the other half to the two children, it was competent for the probate court to set it aside as a homestead, for the right of a testator to devise is subordinate to the power in the probate court to sequester and set apart the property for the shelter, care and support of the family.'' (See, also, cases there cited.) Nor did the respondent by qualifying as executrix under the will waive her right to a homestead. In *Sulzberger* v. *Sulzberger,* 50 Cal. 385, the court say: ''The acceptance by the petitioner of letters testamentary, and the fact that she was, by the will, constituted one of the residuary legatees, does not tend to show that she waived her right to a homestead as prescribed by the statute.''

Whether or not this court would be justified in any case in reversing an order setting apart a homestead merely on the ground that the order was an abuse of discretion need not be here considered; for there was certainly no such abuse in the case at bar. It must be remembered that while our law is liberal to a wife with respect to community property,— that is, property acquired after marriage by the assumed joint efforts of both spouses,—yet with regard to the husband's separate property she has scarcely any right at all. He may devise it all to strangers and leave her penniless. The old estate of dower is taken away. The right to have a homestead for a limited period given her by the probate court is about the only interest which she can assert in a deceased husband's property. In the case at bar the homestead awarded her is much less in value than her interest would have been under the law of dower; and there is no warrant for holding that in awarding it the court abused its discretion.

But in the order and decree appealed from the court, in addition to setting aside the homestead to the respondent for her lifetime, decreed that the fee in remainder vested in certain named persons as heirs at law of the deceased; and, in our opinion, this last part of the order was beyond the jurisdiction of the court to make. It is true that by section 1468 of the Code of Civil Procedure it is declared as a general rule of property that where a probate homestead is selected for a limited period from the separate property of the deceased "the title vests in the heirs of the deceased, subject to such order"; but the question as to whom the remainder goes is not before the court on a simple petition for a homestead. No such issue was presented by the petition or the answers thereto, nor could such issue have been legitimately presented. When there is a contest between different persons claiming in hostility to each other to be heirs, that contest must be adjudicated in an appropriate action or proceeding in which the issue of heirship properly arises. This matter is perhaps not very important in the case at bar, as there seems to be no disagreement as to whom the heirs are; but in many cases there are sharp contests as to heirship. At all events, in the present proceeding the only question involved was whether or not the respondent should have the homestead, and the adjudication should have been limited to that question. The order must therefore be modified by striking out that part of it which undertakes to adjudicate heirship. In other respects the order must be affirmed.

The order appealed from is modified by striking therefrom the following: "And the title to said lot of land with the dwelling-house thereon and its appurtenances is hereby vested in the heirs of said Joseph Bellamy Firth, deceased, subject to this order, judgment, and decree, and said homestead, and entirely free from further administration of said estate, that is, is hereby vested in said Evelina L. Firth, the widow of said decedent, said Joseph Kirk Firth, the son of said decedent, and said Fanny Firth, the daughter of said decedent, subject to this order, judgment, and decree, and said homestead, to wit, the undivided one-third part of said lot of land, with the dwelling-house thereon and its appurtenances, and the title thereto is hereby vested in said Evelina L. Firth, and the undivided one-third part thereof is hereby vested in

said Joseph Kirk Firth, and the undivided one-third part thereof is hereby vested in said Fanny Firth, subject to this order, judgment, and decree, and said homestead.'' As thus modified the order appealed from is affirmed, without costs of this appeal to either party.

Henshaw, J., and Lorigan, J., concurred.