## ESTATE OF ASA R. WELLS, DECEASED.

[No. 31,550; decided July 29, 1905.]

Homestead.—A Widow is Entitled to have a homestead set apart from the estate of her deceased husband, even if the entire estate is thereby consumed, irrespective of the claims of creditors, and notwithstanding there are no minor children.

Homestead—Right of Widow as Against Devisees.—The right of a widow to have a homestead set apart to her is superior to any attempt at testamentary disposition. Heirs and devisees occupy no better position as against her right than do creditors.

Homestead—Value of Property Set Apart.—Where the only premises of a decedent suitable for a homestead are indivisible, they may be set apart to the widow although appraised at $30,000.

C. H. Wilson, for the widow.

Alexander & Church, for the executors.

COFFEY, J. Upon the facts in evidence it must be concluded that the premises sought to be set apart constitute community property.

The property is not susceptible of partition. The authorities cited by executors are not in point in an application of this character. The widow is entitled to a homestead, even if it consumed the entire estate, irrespective of the claims of creditors, and notwithstanding that there are no minor children.

It does not appear here that the estate is insolvent. All the children are adults. The statement of facts in the opening brief of applicants seems to be correct.

Reba E. Wells, the widow of the deceased, makes application for a homestead under the provisions of section 1465, Code of Civil Procedure. It appears from the evidence that neither the deceased nor the petitioner selected a homestead during the lifetime of the decedent; that the only real property belonging to the estate is the piece which the petitioner now asks to have set apart to her as a homestead; that said property is situate on Ellis street in this city and county; that it is an entirety and incapable of division; that there is upon it a dwelling-house, and that the property is appraised at $30,000, and is suitable for a homestead. It further ap-

pears that besides the petitioner the deceased left him surviving five children—two girls and three boys—the issue of a former marriage; that all the children are above thirty years of age, and that the future of the two girls is secured by property deeded to them as in the will mentioned, which property is of the value of sixty or sixty-five thousand dollars. There is no evidence to show that any of the boys labor under disability.

On the hearing, counsel showed debts against the estate amounting to $17,612.48; of this sum $15,115 is due to the Hibernia Bank on account of mortgages placed by the deceased upon the property heretofore mentioned as having been deeded to the girls and also upon a piece of property deeded to the petitioner. None of said mortgaged property is inventoried as a part of the estate of the deceased. The appraised value of the estate is $51,558.67. The petitioner married the deceased June 25, 1885, and lived with him to the time of his death; the property sought to be set aside as a homestead was purchased November 26, 1902, and is community property.

Upon this showing the court has no discretion to deny the application. All the later California cases are in agreement upon this point. The heirs, legatees, and devisees occupy no better position than creditors. The right to a homestead is statutory and superior to any attempt at testamentary disposition. The executors are in error in their contention that the amount of the homestead is limited; the cases cited by them do not apply here. The law as now laid down was declared by the supreme court in Estate of Levy, 141 Cal. 652, 99 Am. St. Rep. 92, 75 Pac. 301, which says, in effect that in the absence of a statutory limitation as to value, the right of the applicant is paramount to all others, even though its assertion should absorb the half or the whole of the estate, where the only premises suitable for a homestead are indivisible, and where to deny such application would be to deprive the widow of her claim under the statute. The proof in this case justifies the court in decreeing that the applicant widow is entitled to an absolute homestead in the Ellis street property, and that the petition of the executors for an order of sale should be denied, and it is so ordered.

An Appeal from the Principal Case was dismissed in 148 Cal. 659, 84 Pac. 37, the supreme court holding that where an appellant has filed no undertaking on appeal from orders setting apart a homestead, and has made no appearance to a motion of the respondent to dismiss the appeals, they should be dismissed.

The Law Places No Limitation on the Value of the Property which may be appropriated for a probate homestead, but leaves it in the discretion of the court to set apart such property as, irrespective of value, may appear just and proper in view of the value and condition of the estate. When the estate is insolvent, the court must take into account the rights of creditors, and since the legislature has fixed the sum of $5,000 as the limit in value which a debtor may claim for his homestead against the demands of his creditors, a wise exercise of judicial discretion will restrict the probate homestead to that amount, at least where a homestead of this value can readily be segregated from the remainder of the estate. Nevertheless, the rights of creditors, heirs, and devisees are subordinate to the right of the family to a home; and where the only premises suitable for a homestead are indivisible, the fact that they greatly exceed $5,000 in value does not preclude the appropriation: 1 Ross on Probate Law and Practice, 475.