[S. F. No. 7747. Department Two.—November 27, 1916.]

In the Matter of the Estate of ANTON KRIEG, Deceased.

ESTATE OF DECEASED PERSON—PROBATE HOMESTEAD—SEPARATE PROPERTY.—Under sections 1465 to 1468 of the Code of Civil Procedure, the separate property of a decedent may ordinarily be set apart as a homestead to the surviving spouse or the children for a limited time only, to be determined by the court. When so set apart, the property remains subject to administration.

ID.—CONSTRUCTION OF WILL—PROVISION WITHOUT DISPOSITORY FORCE.— A provision in a will reading as follows: "To my beloved wife Mar-

garet Krieg, I bequeath and devise the sum of thirty thousand dollars. This in addition to the real property now occupied by us as our home . . . together with all the furniture and household utensils therein contained to which she shall be entitled and which I hereby request the court to set apart to her and our minor child Lawrence as a homestead,"—does not devise the fee of such real property to the wife, and where the same was the separate property of the testator, it was properly set apart as a homestead to the wife and minor child for a limited time only.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting apart a homestead from the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellants.

Corbet & Selby, and Edward D. Peixotto, for Respondents.

MELVIN, J.—Anton Krieg died testate, leaving a widow, adult children by his first wife, and a minor child by his second wife. The children, including the minor, were to take the residuum of the estate by definite fractional parts. The will provided for the widow as follows:

"To my beloved wife Margaret Krieg, I bequeath and devise the sum of thirty thousand dollars ($30,000). This in addition to the real property now occupied by us as our home on San Bruno avenue, having a frontage of seventy-five feet by a depth of one hundred feet, together with all the furniture and household utensils therein contained to which she shall be entitled and which I hereby request the court to set apart to her and our minor child Lawrence as a homestead:

"In view of the fact that all my property was acquired by me before my marriage to my wife and is separate property, I ask my wife to accept the foregoing provision made for her in lieu of all right of community and in full of her distributive share, either as heir at law or otherwise, subject however to a further reasonable family allowance to be fixed by the court:

"In case my wife Margaret Krieg, contrary to my wishes and expectations insists on receiving her share of the community property, if any there is, then it is my will that she shall receive her said share of the community property but

shall take nothing else under this will except the homestead and a reasonable family allowance.''

Administration of the estate proceeded as usual until Margaret Krieg and her son, Lawrence Krieg, filed a petition asking that the real property described in the above quotation be set apart to them as a homestead but that the fee be found to be in Margaret Krieg. The elder children of the testator opposed such disposition of the property, and after a full hearing the court held with them that the widow was not entitled under the terms of the will to a distribution of the land in fee. An order was made setting apart the property in question to Margaret Krieg, the widow, as a homestead for her life and to Lawrence Krieg, the minor, during the term of his minority. From this order and the decree this appeal is taken.

The sole question is whether or not the will justified the ruling of the probate court upon the meaning of the language relating to the property occupied by the widow.

That it was separate property is necessarily conceded. Such property may ordinarily be set apart to the survivor or the children for a limited time only, to be determined by the court. (Code Civ. Proc., secs. 1465–1468, inclusive.) When so set apart the property remains subject to administration. Unless the language of the will compels a different interpretation, the court has done with this separate property of the testator all that under the law it may do.

Turning to that instrument, we see that the bequest of thirty thousand dollars to Mrs. Krieg is contained in a distinct and wholly unambiguous sentence. To be sure, that sentence does contain the word ''devise,'' but that verb is so commonly misapplied to bequests of personal property that its use here is of no great significance. (*Ogle* v. *Tayloe*, 49 Md. 158–178; *Logan* v. *Logan*, 11 Colo. 44, [17 Pac. 99]; *Barry* v. *Barry*, 15 Kan. *587 (442); *Leighton* v. *Sheldon*, 16 Minn. 243.) The punctuation forbids us from transferring that word into the next sentence, as appellant suggests that we should do, and making it apply to the realty therein described. Examining the next sentence, we find that it contains no words of devise applying to the home on San Bruno Avenue. It is suggested that as the court had the right, independently of the will, to set aside the home and the personal property exempt from execution to the use

of the widow and the minor son of decedent, the language is futile and unnecessary unless we give to it some dispository force. If we grant this to be true, still do we look in vain for the words of devise. "This in addition to," etc., are not such words, nor are the words, "to which she shall be entitled." The last expression clearly refers to her right and that of her son to a limited homestead on the separate real property and to the use of the exempt personalty. There is no ambiguity in the language. The paragraph containing the bequest of money to Mrs. Krieg and the request to the court neither by direction nor implication disposes of the fee to the property on San Bruno Avenue; but we do not agree with appellant in the belief that interpreted as a request or direction to the court to do something which might have been done without any suggestion on the part of the testator, the language becomes futile or redundant. Read as a whole, the will exhibits not only a desire on the part of Mr. Krieg to dispose of his property to the natural objects of his bounty, but also a wish to justify the division as a fair and proper one. For example, he asks his wife to accept the provision made for her because he considers it "fair and just." Similarly defending the division of the residue among his children the testator uses this language:

"I desire to say that the unequal divisions of the residue of my estate made among my children is for the reason that I have during my life time made various and sundry payments and advancements to them. I have deducted these advances in apportioning these bequests, and hereby provide that no further deductions be made on account thereof for past advances."

The estate was of a value of about one hundred and sixty-five thousand dollars. It was the evident intention of the testator to call attention to the fact that the money left his widow would not be the sole means of her support after his death, and he therefore pointed out to her and the other heirs the power of the court in the premises. It makes no difference whether his request to the court was merely precatory or amounted to a direction which the judge sitting in probate was bound to follow. The fact remains that the property was set aside just as the will indicated the testator's desire to have it assigned, and his purpose was therefore consummated.

The order and decree from which the appeal is taken are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.