[Civ. No. 6211. First Appellate District, Division One.—April 28, 1928.]

In the Matter of the Estate of SANNIE S. BARKLEY, Deceased. THOMAS J. BARKLEY, as Administrator, etc., Appellant, v. BANQUE BELGE POUR L'ETRANGER, Appellant.

Garton D. Keyston and Walter Slack for Appellant Barkley.

Derby, Sharp, Quinby & Tweedt, Derby, Single & Sharp, Joseph C. Sharp and Lloyd M. Tweedt for Appellant Bank.

KNIGHT, J.—Pursuant to proceedings had in conformity with the provisions of part 3, title XI, chapter 5, article I, of the Code of Civil Procedure, the superior court in and for the county of San Mateo, on August 2, 1926, made an order setting apart to Thomas J. Barkley, surviving husband of Sannie S. Barkley, deceased, a probate homestead selected from the separate property of the deceased and limited to

a period of one year, from which order two appeals have been taken, one by the said Barkley, claiming that the limitation placed upon the duration of the homestead constituted an abuse of discretion, and the other by Banque Belge Pour L'Etranger, a judgment creditor of Barkley's, claiming to have acquired whatever interest Barkley had in said property as an heir at law or otherwise, by virtue of an execution sale held subsequent to the death of Barkley's wife, and prior to the filing of his petition to set apart a homestead.

The essential facts are as follows: Sannie S. Barkley died October 1, 1922, intestate, survived by her husband, Thomas J. Barkley, and an adult son, William S. Barkley. On January 16, 1923, the Banque Belge Pour L'Etranger, hereinafter referred to as the Bank, recovered a judgment against Barkley and his son, individually and as copartners doing business under the firm name of The Barkley Company, in the superior court in and for the city and county of San Francisco, for the sum of $26,763.91. Two days thereafter and on January 18, 1923, Thomas J. Barkley was appointed administrator of the estate of his deceased wife by the superior court in and for San Mateo County. On October 8, 1923, the judgment obtained by the Bank against the Barkleys was recorded in the office of the county recorder of San Mateo County, and two years thereafter, to wit, on October 29, 1925, a writ of execution issued pursuant to which the sheriff of San Mateo county levied upon and sold all of the interests of said Thomas J. Barkley and William S. Barkley in the premises subsequently set apart to Thomas J. Barkley as a probate homestead. The Bank became the purchaser at the sale, and on the same day the sheriff's certificate of sale was delivered to the Bank and recorded in the office of the recorder of San Mateo County. About six months subsequent to the recordation thereof, and on April 5, 1926, the said Thomas J. Barkley petitioned the court to set apart said premises to him as a probate homestead, and after due notice said petition was heard, and on August 2, 1926, was granted, the court limiting the period of the homestead, however, to one year.

The Code of Civil Procedure provides in effect that if there has been no homestead selected and recorded during the lifetime of the decedent, or if one has been selected by the survivor out of the separate property of the decedent in

which the decedent did not join, the court must select a probate homestead (sec. 1465); and that if the property set apart as a probate homestead is selected from the separate property of the decedent, the court can set it apart for only a limited period, to be designated in the order, and, subject to said homestead right, the property remains subject to administration (sec. 1468).

It has been held uniformly that the foregoing code provisions are mandatory in their operation (*Estate of Mason*, 76 Cal. App. 315 [244 Pac. 629]; *Estate of Burton*, 63 Cal. 36), and that it becomes the imperative duty of the probate court upon proper application to set apart such a homestead where the deceased was in possession of the property at the time of death (*Estate of Shively*, 145 Cal. 400 [78 Pac. 869]; *Estate of Burton, supra*), irrespective of any question of asserted adverse title (*Estate of Klumpke*, 167 Cal. 415 [139 Pac. 1062]; *Estate of Kimberly*, 97 Cal. 281 [32 Pac. 234]; *Estate of Groome*, 94 Cal. 69 [29 Pac 487], and even though the estate is insolvent and the property set apart constitutes the entire estate of the decedent (*Estate of Mason, supra; Estate of Levy*, 141 Cal. 646 [99 Am. St. Rep. 92, 75 Pac. 301]). The sole restriction imposed is that if the homestead be selected from the separate property of the decedent it can be set apart only for a limited period, to be designated in the order, and that subject to such homestead right, the property remains subject to administration (sec. 1468, *supra*). Furthermore, it is held that the right of the surviving spouse to a probate homestead is independent of and in addition to any other right or property he or she may have, whether acquired under the will of the decedent or otherwise (*Estate of Firth*, 145 Cal. 236 [78 Pac. 643]); that the order setting apart such homestead confers but a privilege and vests in the homestead claimant no estate in law or equity in the homestead premises (*Estate of Vance*, 100 Cal. 425 [34 Pac. 1087]; *Estate of Burton, supra; Estate of Moore*, 57 Cal. 437), which is the subject of sale (*Estate of Moore, supra;* 11 Cal. Jur. 598), the effect of the order being to withdraw the property designated therein from administration, but not operating to qualify or affect any title which may vest in the survivor at the instant of the death of the other spouse (*Saddlemire* v.

*Stockton Savings & Loan Society,* 144 Cal. 650 [79 Pac. 381], and cases cited therein).

In the present proceeding, therefore, it would appear that irrespective of whatever rights in the property the Bank may have acquired as against Barkley as an heir at law by reason of the execution sale, the latter was not deprived of the right under the mandatory provisions of said code sections to have set apart to him as surviving husband a homestead for a limited period (*Keyes* v. *Cyrus,* 100 Cal. 322 [38 Am. St. Rep. 296, 34 Pac. 722]).

The cases of *Weinreich* v. *Hensley,* 121 Cal. 647 [54 Pac. 254], and *In re Lamb,* 95 Cal. 397 [30 Pac. 568], cited by the Bank in support of its contention that the right to have a probate homestead set apart for a limited period is not absolute, but rests in the discretion of the court, are entirely foreign to the issue here, having arisen under section 1474 of the said code relating to the rights of the survivor to statutory homesteads selected during coverture. Nor does the fact that the value of the property in question exceeded $5,000 alter the situation, it being well settled that there is no specified limitation of value in case of a probate homestead (*Estate of Levy, supra,* and cases cited).

For the reasons above stated we are of the opinion that the grounds urged for reversal by the Bank are without merit. Moreover, and in any event, it would appear that if it be held on Barkley's appeal, as we think it must, that the probate court did not abuse its discretion in limiting the duration of the homestead period to one year, the question presented by the Bank's appeal has become moot because whether or not the fact of the execution sale operated to divest the probate court of its power to set apart a homestead for a limited period, it is evident that the limitation of one year placed thereon by the court has long since expired, and consequently, pursuant to the provisions of said section 1468, upon the expiration of such period, the property became and is now subject to further administration (*Estate of Krieg,* 173 Cal. 721 [161 Pac. 257]).

Turning, then, to the question presented by Barkley's appeal, it may be stated generally that the law establishes no fixed rules by which the probate court shall be controlled in the exercise of its discretion in fixing the length of time a limited probate homestead shall be enjoyed. Ob-

viously the purpose of the law in this respect is to make provision for the support and maintenance of the family (*Keyes* v. *Cyrus, supra*). But in determining the question of the limitation of the homestead enjoyment the probate court may take into consideration, aside from the demands of the family, the value of the homestead to be set apart (*Phelan* v. *Smith,* 100 Cal. 158 [34 Pac. 667]), the financial condition of the estate (*Estate of Levy, supra; Estate of Adams,* 128 Cal. 380 [57 Pac. 569, 60 Pac. 965]), and the rights of the creditors; and although the demands of the family are deemed paramount to those of the creditors, the rights of the latter are not to be entirely disregarded (*Estate of Adams, supra*). ▮ It is not bound by the wishes of the homestead claimant, but should exercise its own discretion and good judgment, and its decision in fixing the duration of the homestead period will not be disturbed on appeal unless it is manifest that the discretionary power thus vested has been exercised in an unreasonable and arbitrary manner (*In re Schmidt,* 94 Cal. 334 [29 Pac. 714]; *Estate of Firth, supra*), it having been held in one case that the action of the probate court in setting aside a homestead until final distribution only was not unreasonable under the circumstances there present (*Estate of Levy, supra*).

▮ The evidence adduced in the present proceeding shows that the property in question consisted of a dwelling-house in the city of Hillsborough, containing fourteen rooms and surrounded by grounds and gardens. The property was purchased by the decedent for a consideration of $27,500, and at the time of the hearing the same was encumbered with two mortgages aggregating $22,750. The evidence further discloses that the estate is indebted in the sum of $6,000, and that aside from the personal property in the dwelling, which Barkley estimated to be of the value of $1,800, the property in question constitutes the entire assets of the estate; furthermore, that the taxes on the property had not been paid for several years, and that Barkley had continued to occupy the property ever since the death of his wife in 1922.

Under the foregoing circumstances we are of the opinion that no abuse of discretion has been shown. The order appealed from is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.