[Civ. No. 13690. First Dist., Div. Two. Apr. 6, 1948.]

Estate of JOHN ARTHUR SOMERS, Deceased. RUTH JENSEN SOMERS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Phil F. Garvey and James A. Himmel for Appellant.

Lane & Casey and James F. Brennan for Respondents.

DOOLING, J.—Appellant is the widow of John Arthur Somers, deceased. . The decedent died testate leaving an estate which has been appraised at $78,000. He bequeathed $10,000 to appellant, the principal beneficiary of his will being an adult son by a prior marriage. The only real property in the estate is improved with a building consisting of five apartments and was appraised at $25,000. From the rental of these apartments at a gross per year of $3,090 the net annual profit is $2,100 or $2,200. This real property was the separate property of decedent.

Appellant petitioned the probate court to set this property aside to her as a probate homestead. In addition to the facts above recited it developed on the hearing of this petition that appellant owns a home of her own and that she is employed at a salary of $4,400 per year.

The court ordered the real property set aside as a homestead for the period of six months. Appellant appeals from this order.

Section 661 Probate Code provides as to a homestead on the decedent's separate property:

"If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse . . ."

"The time during which the separate property of the decedent shall be held as a homestead is a matter resting in the sound discretion of the court." (11a Cal.Jur. 638.)

The court was entitled in exercising this discretion to consider the fact that only a small part (one apartment out of five) of the building could be occupied as a home by appellant and that from the rest she would receive a substantial income, that the real property was almost one-third of the entire estate, and that appellant already had a substantial income of her own and her separate home. The most important factor in determining the length of a limited probate homestead should be the necessity of the widow or other family to be secured in a home. Here that necessity is slight if not non-existent. Weighing these factors we cannot say that the probate court abused its discretion. In *Estate of Barkley*, 91 Cal.App. 388 [267 P. 148], an order setting aside a probate

homestead in the deceased spouse's separate property for one year was affirmed. In *Estate of Levy,* 141 Cal. 646 [75 P. 301, 99 Am.St.Rep. 92], the probate court set apart a three-flat building as a homestead during the period of administration only. In *Estate of Ettlinger,* 56 Cal.App.2d 603 [132 P.2d 895], the homestead was limited to five months.

The order appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.