## SCHMIDT et al. v. WILLARD.
### No. 2068.

Court of Civil Appeals of Texas. Beaumont. April. 24, 1931.

Rehearing Denied May 6, 1931.

D. E. O'Fiel and John A. Veillon, both of Beaumont, for appellants.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellee.

WALKER, J.

This suit was instituted in trespass to try title by the surviving children and grandchildren of Christian Borden and his wife, Elizabeth Borden, against Sarah J. Willard. While in the form of trespass to try title, the suit was in substance an action to construe the following clause of the last will and testament of Christian Borden, who died in 1899, to wit: "I give and bequeath to my beloved wife, Elizabeth Borden all and singular my entire estate both real and personal to her own use and benefit for and during her life time including our present homestead situated on Lot No. 319 in Block No. 50 in the City of Beaumont in Jefferson County, Texas, with authority for her to sell or otherwise dispose of same at any time she may see fit so to do, and in the event she may see fit to sell said homestead, then I direct that she shall pay Wm. Smith my beloved son-in-law $200.00 out of the proceeds of such sale. and that she shall have and keep the balance for her own use and benefit for and during her life time, and at her decease, the residue if any left shall be equally divided between of beloved children to-wit: Elizabeth Smith, wife of Wm. Smith; Susanna Solleder, wife of Andrew Sollider, Jacob Barden and Peter Bardon."

This will was duly probated in 1902. Elizabeth Borden survived her husband more than twenty years and had been dead four or five years when this suit was instituted. The homestead mentioned in the will was the community property of Christian Borden and his wife, Elizabeth, and is the property in controversy. In 1911 Elizabeth Borden sold this property to Elmo Willard and the defendant claimed under that deed. The plaintiffs, as children and grandchildren of Christian Borden, sued as his heirs, claiming that they inherited through him his community half of the property described in the will. While the defendant answered by the several statutes of limitation, which the trial court found in her favor, we shall not review the evidence on those issues, but discuss only the issue presented under her plea of not guilty; that is, the construction of the will. The judgment of the lower court was in favor of defendant denying the plaintiffs all relief. From that judgment they have duly prosecuted their appeal to this court.

By their first proposition they give the will the following construction: "The will had the effect of conveying to Elizabeth Borden a life estate in and to the property with vested remainder in the surviving children, and Elizabeth Borden could not convey more than her own undivided one-half therein, and the life estate which she owned in the other one-half of the property, and the Court erred in rendering a judgment thereon." This proposition is not a sound construction of the will. The authorities of this state fully sustain appellee's counter proposition that the will "vested in the wife the unrestricted power to dispose of the whole estate." King v. Bock, 80 Tex. 156, 15 S. W. 804; Feegles v. Slaughter (Tex. Civ. App.) 182 S. W. 10; Caples v. Ward, 107 Tex. 341, 179 S. W. 856; Orr v. O'Brien, 55 Tex. 149; Kilpatrick v. Cassel (Tex. Civ. App.) 19 S.W.(2d) 805; Eubank v. Moore (Tex. Com. App.) 15 S.W.(2d) 567. On the authorities cited Elizabeth Borden clearly had the power to convey to Elmo Willard a good title to the property in controversy. The judgment of the lower court is therefore affirmed.

Affirmed.