## FIRST NAT. BANK IN GRAHAM, TEX., v. MABRY et al.

### No. 13870.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 17, 1939.

Rehearing Denied March 17, 1939.

F. V. Hinson and S. A. Penix, both of Graham, for appellant.

Marshall & King, of Graham, for appellees.

BROWN, Justice.

Tom Scarborough and Eliza Scarborough, husband and wife, owned and occupied certain lands in Young County, Texas, and Tom Scarborough died testate in the year 1919. The provisions of his will pertinent to this suit are:

"2. After the payment of my debts I give and bequeath all of my estate, both real, personal and mixed, to my beloved wife, Eliza Scarborough, during her life to manage, dispose of and sell as she may see fit and proper and to use the proceeds arising therefrom in any manner that she may desire.

"3. At the death of my wife the remainder of my estate, if there be any, shall be divided equally between my daughter, Mrs. Bertie Mabry, the wife of Evans Mabry, and her three children, Scarborough Mabry, Legrand Mabry and Hilliard Mabry, share and share alike, each taking one-fourth of the remainder of my estate, and to hold same in fee simple."

On or about September 23, 1933, appellee Legrand Mabry moved upon a tract of 51.1 acres of the said Scarborough lands, with the consent and approval of his grandmother, Mrs. Eliza Scarborough, and moved to such lands a house that he owned, situated in the City of Graham, Texas. Legrand Mabry testified that his grandmother told him that if he would move on the land and improve it she would give it to him. He and his family occupied the premises as their homestead, and on March 12, 1936, Eliza Scarborough, in her own right and as executrix of the will of her

deceased husband, executed and delivered to appellee a warranty deed, conveying the tract involved in this suit.

On January 27, 1930, appellant, First National Bank in Graham, Texas, obtained, in the county court of Young County, a judgment against L. G. Mabry, in the sum of $289.35, $28.93 attorney's fees, and costs of $11.47, bearing interest at the rate of 10 per cent per annum. An abstract of such judgment was procured on January 29, 1930, and was presented at once to the county clerk of said county for record.

An execution was issued on this judgment forthwith and was returned nulla bona.

After appellee moved his house from the lot in the city of Graham, appellant Bank, in 1936, levied an alias execution on the vacant lot and sold same at a constable's sale. The judgment is credited with $40 obtained from the sale.

It appears that such lot had been, until the house was moved therefrom, the only homestead appellee had.

This suit was brought by appellant to foreclose its judgment lien against the said tract of 51.1 acres, on which appellee and his family were living at the time and which had been conveyed to appellee, as stated above, by Mrs. Eliza Scarborough.

Appellee and his wife defended on the ground that the premises constitute their homestead.

The cause was tried to the court, without the intervention of a jury, and judgment was rendered for appellees. Hence the appeal.

The contention of appellant is that, upon the death of Tom Scarborough and the probating of his will, Legrand Mabry was immediately vested with title in and to an undivided one-fourth interest in such estate as Tom Scarborough had, and that appellant has had at all times since its judgment was abstracted and recorded a good and enforceable lien on the premises in question.

Under the record, the Scarborough property was and is the community property of Tom and Eliza Scarborough. Therefore, Tom Scarborough's will could only affect his undivided one-half interest in the entire estate, out of which the 51.1 acre tract was carved.

If it could be said that by the will in question appellee received a vested estate in the Tom Scarborough lands and that appellant's judgment lien has attached, it seems to us that it could, even in such event, attach only to an undivided one-fourth of one-half of the 51.1 acre tract. That such lien could even under such facts attach only as to an undivided 6.38 acres.

But we do not believe that appellant is entitled to foreclose its judgment lien against any part of the 51.1 acres of land.

We believe that the case of Caples et al. v. Ward et al., 107 Tex. 341, 179 S.W. 856, 857, is not controlling here, and that it is to be distinguished. In that case, it appears that the Caples will devised the community estate as well as the separate estate of the testator to his surviving wife, "for the term of her natural life, with remainder over upon her death to our five children," naming them. The next succeeding paragraph of the will specifically provided that the wife, if she deemed it to the best interest of the estate, could sell, alienate, convey, mortgage or encumber any part of the estate, "with the written consent of the majority of our said children, then living, who are of age or married." This paragraph is followed by one which provides that, upon the death of the wife, the estate conveyed by the testator, if any be then existent, "shall be divided equally between all of my above-named five children then living, or their descendants," etc.

No election was made by the surviving wife to sell, convey, alienate, etc., and no written consent was given by the remaindermen to do so (as a matter of course). Therefore, it was held that an execution on a judgment obtained against one of the remaindermen could properly be levied upon his interest in the estate.

No such facts obtain in the instant suit.

It is undisputed that the surviving wife here could convey the property and utterly destroy the right of any or all of the remaindermen. This she undertook to do. The remaindermen who had this estate in expectancy have been cut off by the deed, whereby Eliza Scarborough conveyed the 51.1 acre tract to Legrand Mabry.

The undisputed testimony discloses that Eliza Scarborough made to Legrand Mabry a parol gift of the tract in controversy, and that he went upon it, took possession of it, improved it, made it his homestead, and that she subsequently gave him a warranty deed to it.

We believe that the power of alienation given to Eliza Scarborough by the will is unrestricted as to persons, and that she could convey the 51.1 acre tract to Legrand Mabry as effectively as she could convey it to a stranger.

We hold that appellant, not having attempted to foreclose its lien before Eliza Scarborough conveyed to Legrand Mabry, the title passed in fee to Legrand Mabry as effectively as it would have passed to a stranger. His estate in expectancy was destroyed by the deed which then and there vested the fee simple title in him.

It could not, we think, be successfully contended that, if appellant had sued to foreclose its judgment lien as against the tract of land in question, the sale of same under judgment of the court could have defeated the right of Eliza Scarborough to sell, or dispose of, the lands prior to her demise. This is true because there would never be anything upon which foreclosure could be had unless Eliza Scarborough elected not to dispose of the estate during her lifetime.

It follows that, if the lien could not be successfully foreclosed prior to the death of Eliza Scarborough so as to effectively deny her the right to convey the same to whom she willed before her demise, the appellant cannot here foreclose its supposed lien as against the homestead right acquired by Legrand Mabry, by virtue of the deed from Eliza Scarborough.

Finally, we believe that the case of Craig et al. v. McFadden et al., Tex.Civ.App., 191 S.W. 203, writ refused, is determinative of the issues before us.

In that case the testator's will provided: "It is my wish and desire that my beloved wife be properly supported and cared for during her lifetime and that she be provided with every convenience and comfort, and to this end I give and bequeath to my beloved wife, Mary Bell Smith, during her lifetime, all of the rest and residue of my separate estate, if any, and all of the rest and residue of the community estate of myself and my wife * * *, if any, to be by her managed and controlled, for her own sole benefit, use and enjoyment during her lifetime, and at her death or so soon thereafter as shall be found convenient, I direct that all the rest and residue of my separate estate, if any, and all the rest and residue of our community estate * * *, if any, all treated, inventoried and consolidated as one estate, be divided into two equal moieties or halves, and that one of said moieties or halves be distributed, according to the laws of descent and distribution of the state of Texas, among the heirs of my said wife, Mary Bell Smith, to the exclusion of my own heirs, and the other remaining moiety or half to be distributed, according to the laws of descent and distributions of the state of Texas, among my own heirs, to the exclusion of my said wife's heirs."

The succeeding paragraph authorized and empowered the wife "to sell and dispose of all or any part of either one of said estates, real or personal, at public or private sale, in any manner that may seem best to her for the management of said estates, and make conveyance of the same."

It was held that this will did not create a vested estate but that same created a contingent remainder.

So, we hold that the will of Tom Scarborough did not create a vested estate in the remaindermen named, but that whatever interest they have is merely contingent.

We believe the judgment of the trial court is correct.

All assignments of error are overruled and the judgment is affirmed.