## WOODS et al. v. STARRETT et al.

No. 5326.

Court of Civil Appeals of Texas. Amarillo.

Sept. 15, 1941.

L. B. Godwin, Jas. W. Bassett, and Works & Brian, all of Amarillo, for appellants.

W. P. Walker, of Crosbyton, for appellees.

JACKSON, Chief Justice.

On March 2, 1929, the wife of S. F. Starrett made and executed her last will and testament the provisions of which material to a disposition of this appeal are as follows:

"First: I direct that all my just debts be paid.

"Second: I give and bequeath to my beloved husband, S. F. Starrett, all my estate

of every description, real personal or mixed, which I may own or possess at the time of my death, to be occupied, enjoyed, conveyed and expended during the lifetime of him, the said S. F. Starrett, as he shall desire; but upon the death of him, the said S. F. Starrett, any of my estate then remaining shall be divided among persons following, each taking an undivided one-twelvth interest: Mrs. Wealthie Spence, Mrs. Shady Woods, Mrs. Grace McCracken, Jim P. Starrett, Rella Ratheal, Mrs. Hallie Smith, Condie Starrett, Carl Starrett, Palmer Starrett, Stacy Starrett, Lena Starett and Mrs. Rosa Thornhill.

"Third: I appoint and constitute S. F. Starrett, my beloved husband, as sole executor of this my will; and I desire and direct that as such executor no bond shall be required of him and no further action in the County Court shall be necessary except to probate this will and to file an inventory and appraisement and list of claims."

While not shown with certainty the record indicates that Mrs. Starrett inherited and had and held in her own separate right land which with the improvements placed thereon by herself and husband was of the approximate value of $25,000. She also had a one-half interest in the community estate of herself and husband of the approximate value of $5,000. The two estates were incumbered for about $10,000 the payment of which sum was secured by a valid and subsisting lien against the real estate.

Mrs. Starrett died in August, 1935. Her will was duly probated in Crosby County and her husband, S. F. Starrett, was appointed and legally qualified as the independent executor of the last will and testament of his wife.

The husband retained possession and management of all the property, paid the operating expenses of the farms, paid the interest on the debts against the estate as it matured, paid the taxes and also $750 on the principal of one of the debts after the death of his wife. He has never since she departed this life sold, tried to sell nor threatened to sell any of the land, has no plan now for the sale thereof or any part thereof and is making no effort to sell any of the land.

In the will the testatrix names her husband, S. F. Starrett, and the twelve children born to herself and husband.

Mrs. Shadie Woods, joined by her husband, H. F. Woods, conveyed to L. B. God-win, F. P. Works and James W. Bassett, attorneys, an undivided one-half interest in and to their undivided interest in the estate of their mother, Belle Starrett, in consideration of the legal services rendered and to be rendered them by said attorneys in recovering for them their interest in the estate of their mother evidenced by her last will.

On May 16, 1939 Shadie (sometimes spelled Shady) Woods and her husband, together with L. B. Godwin, F. P. Works and James W. Bassett, their attorneys, instituted suit in the District Court of Crosby County to obtain an interpretation and construction of the will of Belle Starrett, deceased, by which they expected to recover the undivided interest of Shadie Woods.

The appellants alleged the will as written was uncertain, indefinite, ambiguous and did not clearly express the purpose or intention of the testatrix in that in granting to her husband the right to occupy, use, enjoy and convey the lands as he should desire the intention and purpose of the testatrix was to limit the power of her husband to the sole purpose of the use and enjoyment of the estate including the preservation thereof during his life and at his death she intended her property to vest in the twelve children of herself and husband, share and share alike.

The appellees, S. F. Starrett and all the children except Shadie Woods, answered by general demurrer, special exceptions, general denial and pleaded that the testatrix at the time she executed the will expressed her real intention, purpose and desire in the exact language used in said instrument and prayed that no order be made modifying the plain language of the will of Belle Starrett, deceased.

The case was tried to the court without a jury and judgment rendered that the testatrix bequeathed and devised to her husband, S. F. Starrett, her entire estate, real, personal and mixed, and authorized him to use, occupy, convey and expend any or all thereof as he desired during his life and empowered him to execute valid mortgages against the land and to renew and extend any valid and existing liens outstanding during his life. He further decreed that appellants, Shadie Woods and her husband, H. F. Woods, acquired no vested rights in the estate of the testatrix by virtue of her last will and testament and hence the attorneys, L. B. Godwin, F. P. Works and James W. Bassett, acquired no vested in-

terest in the estate by virtue of their contract with Shadie Woods and her husband but any interest or estate which appellants may have in and to the estate of the said testatrix under her will is contingent and will not take effect nor be enforced in a court proceeding until after the death of the executor, S. F. Starrett, and from this judgment this appeal is prosecuted.

The appellant assigns as error the action of the court in holding that S. F. Starrett, the executor of the will of his deceased wife, Belle Starrett, was authorized and empowered by the terms of said will to use, occupy, expend and convey all or any part of her estate during his life.

The language in the will of the testatrix bequeathing the property to her husband, the executor, and empowering him to use, expend and convey her said property as he desired is found in the second paragraph of the will heretofore quoted and is as follows: "I give and bequeath to my beloved husband, S. F. Starrett, all my estate of every description, real personal or mixed, which I may own or possess at the time of my death, to be occupied, enjoyed, conveyed and expended during the lifetime of him, the said S. F. Starrett, as he shall desire; * * *."

In King et al. v. Bock, 80 Tex. 156, 15 S. W. 804, 805, the will under consideration, among other provisions, stipulated:

" 'It is my will and desire that my much-beloved husband, Peter Bock, shall take, receive, and become possessed of all and singular my earthly possessions, including my separate and community property, being every estate in property known to the law.
*        *        *        *        *        *
" 'I desire that my said husband, Peter, shall take and receive all of my estate, as aforesaid, with full power and authority to manage and control, sell and convey the same as his own estate, conditioned, nevertheless, that the said estate shall be equally distributed at his death among our children, subject to the suggestions contained in article 4 herein.' "

The court in interpreting the meaning of these provisions said: "We do not think that it was the intention of the testatrix to devise her estate, as it existed at her death, to her children, subject to only a life-estate in her husband. On the contrary, considering every part of the instrument, we conclude that it was the intention of the testatrix to vest in her husband an unrestricted power to use, consume, and dispose of the whole estate, without accountability to any one for any portion of it used or consumed, but to vest in her children her undivided half of so much of it as might remain at the time of his death."

In Norton et al. v. Smith et al., Tex.Civ. App., 227 S.W. 542, 543, the parts of the will in controversy are as follows:

" 'I, George P. Rains, do make this as my last will and testament, hereby revoking all former ones.

" 'First. It is my will that my wife, M. E. Rains, have all I may die seized of, consisting of lands, money, merchandise, bonds, notes, accounts, etc.

" 'Second. That she at once take and assume control of it all, without giving bond or being amendable to any court whatever.

" 'Third. That, at her death she will to our respective families whatever she may have, making an equal division thereof, between the two families.' "

In the construction of this language, the court says: "We cannot agree with the contention of counsel for appellants to the effect that the will of George P. Rains vested Mrs. Rains with only a life estate in the property devised to her, with the right and power to control, manage, exchange, and sell the same, coupled with the limitation that the proceeds of such of the property as might be exchanged or sold by her, as well as so much of the property not disposed of by her, should be held in trust by her for the members of the testator's family."

This holding seems to have been followed by the courts of this State in an unbroken line of decisions. Kilpatrick v. Cassel, Tex. Civ.App., 19 S.W.2d 805; Schmidt et al. v. Willard, Tex.Civ.App., 38 S.W.2d 160; First Nat. Bank in Graham, Texas v. Mabry et al., Tex.Civ.App., 126 S.W.2d 59. These authorities are, we think, conclusive against appellants' contention. The language in the will of the testatrix bequeathing the title of her entire estate to her husband and empowering him to sell and convey as he desired is not, in our opinion, indefinite, uncertain or ambiguous.

We think the court correctly held that the executor acquired the property with the authority to grant and convey title thereto so long as he lived. If at his death any of the estate of the testatrix remained it was to be divided share and share alike among the twelve children named in the will.

The judgment is affirmed.