ARON v. ARON et al.
No. 11486.

Court of Civil Appeals of Texas. Galveston.
Jan. 21, 1943.

Rehearing Denied March 4, 1943.

918

Sewall Myer, Frank Campbell Fourmy, and Vernon Coe, all of Houston, for appellant.

Rex Poston, William E. Junell and Tom M. Davis, all of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for David Townsend.

MONTIETH, Chief Justice.

This action was brought by appellees, Sol Aron, Abe Aron, and D. Aron, against appellant, Mrs. Orina Aron, a widow, and her five minor children for the partition of certain real estate in Harris County, Texas. While the action was, in form, a partition suit, it was brought to secure a construction of the will of Esidore Aron, which had been previously admitted to probate.

Appellant answered claiming a one-fourth undivided interest in the said property under the will of her deceased husband. By cross-action she asserted a one-fourth undivided interest therein against both appellees and her five minor children under the will of her deceased husband and as her community interest in said property. An answer was filed for the minor defendants by a guardian ad litem appointed by the court.

In a trial before the court, judgment was rendered that, under the will of Esidore Aron, deceased, appellant did not have the power to sell a one-eighth undivided interest in the property sought to be partitioned "and give good title thereto against her children in the event she should thereafter remarry."

Esidore Aron died in Harris County, Texas, on January 17, 1941, leaving a will which was duly admitted to probate. He left surviving him his widow and five minor children. The property sought to be partitioned herein had been purchased by Esidore Aron and his three brothers, appellees herein, a short time before his death. It was the community property of Esidore Aron, deceased, and appellant.

The will under consideration herein, after providing for the payment of the testator's just debts and numerous special bequests, reads: "3. It is my will and desire that all the property, both real and personal, I may die seized and possessed of, after the payment of the above named legacies, and all my just debts, together with all the expenses incident to the probating of this will, shall pass to and vest in fee simple in my beloved wife, Orina Aron, and after the payment of the above named legacies and all my just debts, I give, bequeath and demise to my beloved wife, Orina Aron, the remainder of all the property I may own or be interested in at the time of my death, in fee simple, so long as she shall remain a widow."

The material parts of paragraph 4 of the will reads: "Provided, however, that if the said Orina Aron remarries, then and in that event, the residue of my estate shall pass to and be divided equally between my five children * * * share and share alike, * * *."

Under the terms of the will, appellant was appointed independent executrix of the estate without bond, and guardian of the estates of their minor children.

It is appellant's contention that the provision in the will that the "remainder" of the testator's property, after the payment of the debts and special bequests referred to in sections 1 and 2 of the will, shall pass to and vest in fee simple in appellant, must be construed as passing and vesting in appellant the fee-simple title to the remainder of said property after the payment of said debts and bequests, with full power and right in her of bona fide sale and disposition thereof at any time before her present widowhood is terminated. She contends further that the term "residue" referred to in paragraph 4 of said will, wherein it is provided that if appellant remarries, then and in that event, the "residue" of said estate shall pass to and be divided between their five children, refers to that portion of said estate which shall remain in appellant's hands unsold and undisposed of when and if she remarries, and that only the "residue" left in the estate at that time will then pass to and vest in their children.

It is the right of every citizen of this State to dispose of his property by will as he may desire, regardless of the ties of nature or relationship. Therefore, in construing a will the intention of the testator

is controlling. It is the duty of the court, in arriving at such intention, to look alone to the language actually used and to give effect to every part of the will, if it is legally possible or practical to do so, and to consider the instrument as a whole in keeping with the general intention of the testator and to bring every provision of the will into harmony with the other provisions thereof. It is to be presumed that the testator in writing his will did not intend to use meaningless or superfluous words, but that he used each word and term advisedly and that he intended that every provision, clause, or word used, should have a meaning in the disposition of his property. If there is no ambiguity in the will, it must be construed according to its legal import. Henderson v. Stanley, Tex.Civ.App., 150 S. W.2d 152, 154.

In the will under consideration herein the testator used the following expression: "After the payment of the above named legacies and all my just debts, I give, bequeath and demise to my beloved wife, Orina Aron, the remainder of all the property I may own or be interested in at the time of my death, in fee simple, so long as she shall remain a widow."

1 Bouv. Law Dict., Rawle's Third Revision, p. 1199, defines the term "fee simple" as "an estate of inheritance". In discussing the term "fee simple" it says:

"The word simple adds no meaning to the word fee standing by itself. But it excludes all qualification or restriction as to the persons who may inherit it as heirs, thus distinguishing it from a fee-tail, as well as from an estate which, though inheritable, is subject to conditions or collateral determination. ' * * *

"It is the largest possible estate which a man can have, being an absolute estate. It is where lands are given to a man and to his heirs absolutely, without any end or limitation put to the estate. * * *

"Where the granting clause of a deed conveys an estate in fee-simple, a subsequent proviso that the grantee shall not convey without the consent of the grantor is void as a restriction or alienation, * * * and therefore repugnant to the estate created; Murray v. Green, 64 Cal. 363, 28 P. 118; Wilkins v. Norman, 139 N.C. 40, 51 S.E. 797, 111 Am.St.Rep. 767 * * *."

The language of the will under consideration bequeathing the fee-simple title to the "remainder" of the testator's estate after the payment of his debts and certain special bequests "so long as she shall remain a widow" and providing that the residue of the estate shall pass to and vest in their five children in the event of her remarriage, is not, in our opinion, indefinite, uncertain, or ambiguous.

The case of Norton et al. v. Smith et al., Tex.Civ.App., 227 S.W. 542, 543, involved the construction of the parts of a will which read:

"First. It is my will that my wife, M. E. Rains, have all that I may die seized of, consisting of lands, money, merchandise, bonds, notes, accounts, etc.

"Second. That she at once take and assume control of it all, without giving bond or being amenable to any court whatever.

"Third. That, at her death she will to our respective families whatever she may have, making an equal division thereof, between the two families."

In construing this language, the reviewing court said: "We cannot agree with the contention of counsel for appellant to the effect that the will of George P. Rains vested Mrs. Rains with only a life estate in the property devised to her, with the right and power to control, manage, exchange, and sell the same, coupled with the limitation that the proceeds of such of the property as might be exchanged or sold by her * * * should be held in trust by her for the members of the testator's family."

This holding has been followed by the courts of this state in an unbroken line of decisions. Woods et al. v. Starrett et al., Tex.Civ.App., 154 S.W.2d 303; Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805; Schmidt et al. v. Willard, Tex.Civ.App., 38 S.W.2d, 160; First National Bank in Graham, Texas, v. Mabry et al., Tex.Civ.App., 126 S.W.2d 59.

■ In construing the will under consideration herein as a whole, the provision therein bequeathing the fee-simple title to the "remainder" of testator's property after the payment of certain debts and special bequests, as long as she shall remain a widow, we think, must be construed as meaning that so long as she shall remain a widow with the care and responsibility of her children upon her shoulders the property bequeathed shall be hers in fee simple to manage, control, sell and dispose of as she deems best and that under the terms of the will her children shall re-

920

ceive, in the event of her remarriage, not the identical property willed to appellant, but the residue of testator's estate which remains in appellant's hands unsold and undisposed of at the time she remarries.

In the case of West v. Glisson, 184 S.W. 1042, 1044, writ of error refused, the facts are similar in all material respects to those in the instant case. In that case the will bequeathed to the "first taker" a fee-simple title to the property belonging to testator's estate, and to the "second taker" the residue thereof if "first taker" died without heirs. The reviewing court in construing the will in that case, said: "The will in the instant case did not, in express terms, give the legatee power to dispose of the property; but we think the expression in the third clause 'residue of same,' when taken in connection with the expression in the second clause, 'fee simple' should be construed to give the appellee a life estate in the property of the testatrix, with power to dispose of same or any part thereof; and that, if any of said property should remain undisposed of at the death of appellee, the same will become the property of Lulu West as the residuary legatee under said will."

In passing on the motion for rehearing in the case, the court said: "We hold that appellee is empowered under the will to sell the land and make good title thereto. If she does not sell the same she derives all the benefit intended by the testatrix, and if she does sell the same the grantee acquires a perfect title * * *."

Under the above authorities we think that under the plain and unambiguous terms of the will it was the intention of Esidore Aron in executing the will to bequeath to his wife the remainder of all property of which he died seized and possessed, in fee simple, after the payment of his debts and the special bequests therein provided for, and that, under the terms of the will, she is empowered to sell or dispose of the remainder thereof at any time prior to her remarriage, in which event the grantee will acquire a good title thereto. And that in the event of her remarriage, if any of the property of the estate shall remain undisposed of, it passes, share and share alike, to his five children named in the will.

The judgment of the trial court will be reversed and judgment here rendered as indicated and in all other respects affirmed.

Reversed and rendered in part.

Affirmed in part.