[Department Two.— January 5, 1884.]

## ESTATE OF H. S. BURTON, DECEASED—W. LEACH, AND JOHN G. CAPRON, APPELLANTS.

PROBATE COURT—JURISDICTION—HOMESTEAD.—A Superior Court, sitting as a court of probate, may examine into the title to parcels of real estate named in the inventory, for the purpose of selecting a homestead, but has no jurisdiction to try and determine the title as between adverse claimants.

APPEAL—WHEN TO BE TAKEN.—An appeal from an order of a Probate Court setting apart a homestead must be taken within sixty days after the order is made.

APPEAL from an order of the Superior Court of San Diego County, setting apart a homestead to the widow of H. S. Burton, deceased, and from an order refusing a new trial.

The appellants, W. Leach and John G. Capron, opposed the application of Maria A. Burton, widow of deceased, for an order setting apart to her a parcel of land as a homestead, upon the ground that they were the owners of the property.

Leach & Parker, for Appellants.

A. B. Hotchkiss, and Conklin & Hunsaker, for Respondent.

MYRICK, J.—The appeal in this case is from an order setting apart a homestead, and from an order refusing a new trial. The order setting apart the homestead was made and entered June 27, 1883; the notice of appeal was served September 18, 1883, more than sixty days after the order was made. (§ 1715, Code Civ. Proc.; Estate of Harland, 64 Cal. 379.) The appeal from this order is therefore dismissed.

As to the appeal from the order denying motion for new trial, it would, doubtless, be competent for a court sitting in probate to examine into the title to a given parcel of the real estate mentioned in the inventory as a basis for the exercise of its discretion in selecting one parcel or the other as a homestead; but,

for the purpose of adjudicating upon the title as between adverse claimants, it has no jurisdiction. It determines, merely, that the parcel named is selected from the estate of the deceased (whatever his interest therein may have been), and who are the persons entitled to the benefit of the homestead selection. How far the title claimed by the contestants in this case depended for its validity upon title derived by Mrs. Burton since her husband's death, and how far it depended upon her interest in the estate of her husband as heir or survivor, was not for the Probate Court to determine. Title to real estate cannot be tried in such proceeding. Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.