[S. F. No. 12468. In Bank.—September 13, 1928.]

MARY J. McCARTHY, Respondent, v. D. E. McCARTHY et al., Defendants; THOMAS C. BUTLER, Appellant.

Thomas C. Butler, *in pro. per.*, for Appellant.

Chas. B. Rosendale and Albert E. Warth for Respondents.

RICHARDS, J.—This cause was placed upon a special calendar upon order to show cause, it appearing that no respondents' brief has been filed herein, and was thereafter ordered submitted.

An examination of the appellant's brief convinces us that the appeal is without merit. The action was one instituted in the superior court in and for the county of Monterey by one tenant in common of a piece of real estate, against other tenants in common thereof to quiet title. One of said defendants in common was the estate of one Anna Butler,

· of which the appellant herein, Thomas C. Butler, was the administrator. All the parties who were made defendants were served with process and either appeared or defaulted. Among those appearing and answering was the appellant herein. Upon the hearing the trial court rendered its judgment in favor of the plaintiff and against the defendants, quieting title to said property. ■ Thereafter the appellant moved the court for an order vacating and setting aside such judgment upon the ground apparently that the trial court was without jurisdiction of the subject matter of the action and of the person of the appellant. The basis of said motion seems to be that since the estate of said decedent was in the course of probate and since the property involved in this action was a portion of her estate, the sole jurisdiction to quiet title to said property was in the probate court. The plaintiff herein was not an administrator or executor of the estate of said decedent and was not otherwise connected with said estate except in her capacity as a tenant in common of the decedent. The probate court, therefore, was without jurisdiction to determine her adverse rights in the property in question. (*Bauer* v. *Bauer*, 201 Cal. 267 [256 Pac. 820].)

■ The only other point presented by the appellant is that a certain heir or devisee of the decedent was not made a party to this action. This point, however, was not available to this appellant, for if such heir or devisee was not a party to the action the judgment herein might not be binding as to him. But with that matter the appellant is not concerned. The record shows that the appellant, in his capacity as administrator of the estate of said decedent, appeared and both demurred and answered herein, without setting up any misjoinder of parties defendant and without, either before the trial or upon the motion to vacate the judgment, insisting upon the presence of said heir or devisee as a party to this action. Having thus submitted himself and whatever interest he may have, officially or otherwise, in said estate he is bound by the judgment and cannot bring in question upon this appeal the issue as to whether the heir or devisee of said estate is either bound or affected thereby.

The judgment and order are affirmed.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste C. J., concurred.