## KILPATRICK v. CASSEL. (No. 3726.)

Court of Civil Appeals of Texas. Texarkana. Aug. 1, 1929.

Rehearing Denied Aug. 3, 1929.

Jones & Jones, of Mineola, for appellant.

J. H. Beavers and R. B. Howell, both of Winnsboro, for appellee.

WILLSON, C. J. (after stating the case as above). Appellant's contention that the trial court erred when he instructed the jury to return a verdict in appellee's favor, and rendered judgment denying her relief, is in the theory that the bequest to T. J. Frazier did not operate to vest absolute ownership of the property in him, and that the power conferred upon him to dispose of the property was not limited, but was exercisable for no other purpose than to pay his debts and provide support for himself; that it appeared the power was not exercised for either of those purposes when T. J. Frazier conveyed the property to appellee, and appeared further that such conveyance was without consideration and in fraud of rights of appellant arising from the fact that she stayed with and cared for the testatrix during her last days, and therefore was entitled at the death of T. J. Frazier to the property not disposed of for said purposes, as well as to the unused proceeds of property rightfully disposed of by him.

T. J. Frazier could not by a will of his own have disposed of the property bequeathed to him by his wife's will (McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412), and we therefore agree with appellant that Frazier did not take an absolute title to that property. But the fact that he did not take such a title is of no importance in determining the rights of the parties, if the power conferred by the will upon Frazier to dispose of the property during his lifetime was absolute; for it appeared from appellant's pleadings and undisputed evidence admitted at the trial that Frazier did, in his lifetime, by conveyance to appellee, dispose of all the property.

It will be noted, on referring to the fourth paragraph of the will set out in the statement above, that Frazier was to have the property bequeathed to him "as his own, to use and enjoy, to sell and dispose of as he may think proper and best." Reasonably it cannot be doubted that the language quoted, when considered alone, evidenced an intent on the part of the testatrix to confer absolute power of disposition on Frazier.

Appellant insists, however, that that language should be considered in connection with the language used by the testatrix in the fifth paragraph, and that, when the language of the two paragraphs is considered together, it appears the intent of the testatrix was to so limit the power conferred on Frazier as to deny him a right to dispose for any other purpose than to pay his debts and maintain and support himself. We agree, of course, that all the language of the will should be looked to in determining the intent of the testatrix, but we do not agree that, when it is all looked to, it shows her intention to be other than that evidenced by the language used in said fourth paragraph. The power bestowed upon Frazier by that paragraph was to dispose of the property as he might "think proper and best." Presumably he did that when he conveyed the property to appellee. The burden of proving he did not was on appellant, and she adduced no evidence which would have supported a finding that Frazier did not think the disposition he made of the

property was "proper and best." Therefore we think the trial court had a right to assume that the conveyances to appellee were in conformity to power possessed by Frazier to dispose of the property, and to instruct the jury as he did.

The conclusion reached by us is not inconsistent with the holding in Gibony v. Hutcheson, 20 Tex. Civ. App. 581, 50 S. W. 649, cited by appellant, that the devisee of a life estate with power to dispose of the property had no right "to make a fraudulent disposition of the property for the purpose of defeating the rights of the residuary legatees and devisees"; nor with the holding in Littler v. Dielmann, 48 Tex. Civ. App. 392, 106 S. W. 1137, also cited by appellant, that a wife to whom her husband bequeathed his estate, but provided that if she remarried his children should take same, could not destroy the children's right by giving the property to a man on May 8, who gave it back to her on May 9 and married her on May 10 of 1903, and is supported by the holding in Feegles v. Slaughter (Tex. Civ. App.) 182 S. W. 10, 11, that a wife to whom her husband bequeathed a life estate, with "full power to control and dispose of the property during her life," could give away the same as against relatives who by the will at her death were to take the part of the estate she had not disposed of; by the holding in Hanna v. Ladewig, 73 Tex. 37, 11 S. W. 133, that there was no limitation on the right of a wife to convey property bequeathed to her for life by her husband with power to dispose of the property "according to her pleasure," and that, without respect to the motive or consideration moving her to convey, a right of others to take the property contingent upon her failure to convey it was "cut off"; and the holding in Young v. Campbell (Tex. Civ. App.) 175 S. W. 1100, 1101, that a wife to whom her husband bequeathed an estate for life, and who was named as executrix in the will, with power to "use, enjoy, sell, convey and pass title to the property as she may see fit," could dispose of the property as she saw fit, and that the remaindermen could not enjoin such disposition as wasteful and in fraud of their rights.

The judgment is affirmed.