**TARMAN, Ex'x, et al. v. PIERCE et al.**

No. 22071.   May 29, 1934.

C. C. Suman, for plaintiffs in error.

J. M. Grubbs, for defendants in error.

RILEY, C. J. This is an appeal from a judgment of the district court adjudging defendant in error to be entitled to oil royalties accrued and to accrue from lands set apart to her as a homestead.

Absalom F. Pierce, deceased, was married twice. Indiana H. Pierce, defendant in error, was his second wife. Mabel Louise Tarman, Zoa Matie Faris, Goldie Bohm, John C. Pierce, and Edith M. Randles are his children by his first wife. Lawrence Dalton and Harold Dalton are his grandchildren, being children of a deceased daughter.

After the death of his first wife, and while a widower, he being the owner of the S. W. section 19, township 18 N., range 6 E., Payne county, on March 14, 1918, executed an oil and gas mining lease on 40 acres thereof to the Home Gas Company of Cushing, the lessee agreeing to pay lessor one-eighth of the proceeds from the sale of gas therefrom.

The lease was for a term of three years and as long thereafter as oil or gas was produced therefrom. During the month of August, 1919, a well was brought in on said premises, which produced gas in paying quantities from said date until and after this action was commenced.

Absalom F. Pierce and defendant in error Indiana H. Pierce were married about February, 1920.

December 16, 1928, Absalom F. Pierce died leaving a will and giving to his wife that part or portion of his estate as is allowed a widow under the laws of the state of Oklahoma. Of the remainder he gave each of his living children one-sixth and each of his grandchildren one-twelfth. He named his daughter, Mabel Louise Tarman, as executrix.

The will was admitted to probate, and the widow, Indiana H. Pierce, applied to the county court to have the 160 acres of land above described set apart to her as a homestead. This application was resisted by the executrix and also by John C. Pierce, a son of deceased. Among other things it was contended that John C. Pierce was the owner of the land, he claiming by oral gift and possession.

The county court upon hearing set apart 40 acres of the land to the widow as a homestead. She appealed to the district court, and there the whole 160 acres was set apart to her as a homestead. No appeal was taken from that order and it became final.

In the meantime considerable royalties had accumulated which were claimed by both the widow and the executrix. The gas company refused to pay same to either.

On February 6, 1930, Indiana H. Pierce commenced this action in the district court of Payne county against Mabel Louise Tarman, as executrix of the will, and each of the heirs at law of Absalom F. Pierce, the Home Gas Company, and the Home Pipeline Company, praying for judgment for the royalties then accrued and held by the Home Gas Company and the Home Pipeline Company, as well as future royalties

to accrue. She pleaded and set out the judgment and decree of the district court reversing the order of the county court and decreeing the entire quarter section of land to be set aside to Indiana H. Pierce as her homestead, together with all improvements thereon except a house, garage, and other certain improvements which had been placed thereon by the son, J. C. Pierce, which were adjudged to be his property and allowing him to remove same.

The Home Gas Company and the Home Pipeline Company answered, admitting that the Home Pipeline Company had in its possession the sum of $915.17, being the one-eighth gas royalties accrued from the gas well on said land since the death of Absalom F. Pierce, and alleging in substance that the plaintiff and the executrix had each claimed said royalties and made demand therefor, and that it was holding same for the person or persons whom the court should adjudge to be entitled thereto, and prayed for an order directing that said money as well as all royalties accruing during the pendency of the action be paid into court to await the final judgment.

The court ordered the said money be paid into court, which was done.

The executrix and heirs at law demurred to the petition, asserting (1) the court was without jurisdiction of the subject-matter of the action; (2) that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against said defendants or either of them; (3) that the petition showed upon its face a splitting of alleged cause of action in that this action is upon the same cause of action as in the proceedings in the former action to set aside a homestead; and (4) that the petition showed upon its face that the matters sought to be litigated were res adjudicata and that the judgment set out in plaintiff's petition was a bar to this action.

The demurrer being overruled, said defendants answered, alleging in substance that John C. Pierce, one of the sons of Absalom F. Pierce, was the absolute owner of said land, except the gas royalties, by way of parol gift from his father in his lifetime, coupled with possession during all the married life of Absalom F. Pierce and the plaintiff Indiana H. Pierce, and that the gas royalties from said land had been reserved from said gift by Absalom F. Pierce, and were a part of his estate. They also pleaded that the judgment setting aside the land as a homestead to plaintiff was void for the reason that the county court was without jurisdiction in the matter, because the title to the land was involved by reason of the claim of John C. Pierce, and that the district court upon appeal was likewise without jurisdiction. They alleged, further, that if said judgment setting aside the homestead was valid, plaintiff was precluded thereby in that she did not therein claim the gas royalties, and that the court had given her all that she claimed, and that inasmuch as the gas royalties were not specifically set over to her in said order, which might have been done, the effect of said judgment was to exclude her from said royalties, leaving them a part of the estate to be distributed by the executrix under the will.

They further allege, in substance, that plaintiff had obtained a widow's allowance of $1,200, by alleging that she was without means of support, but which was untrue if she was entitled to the gas royalties, but made no mention of the income from gas royalties, and thereby obtained an unfair advantage of the other devisees, and was estopped to claim the gas royalties; that the allowance of $1,200 was paid in lieu of the gas royalties, and was paid upon representations made by plaintiff that she did not have and was not receiving such royalties.

Reply was filed by plaintiff, and issues being joined, the cause was assigned for trial for June 4, 1930, at which time defendants appeared and demanded a jury trial. This was denied.

Thereupon defendants moved for judgment on the pleadings and opening statement of counsel for plaintiff.

This motion being overruled, trial was had to the court without a jury, resulting in a judgment for plaintiff, and defendants appeal.

There was no evidence offered with reference to the claim of title being in John C. Pierce, and this defense may be considered as having been abandoned.

It is first contended that the court erred in overruling the demurrer of defendants to the petition.

It is asserted that the petition, together with the exhibit attached thereto, viz., the journal entry of judgment of the district court on appeal from the court in the proceedings to set aside the homestead, clearly shows that the title to the land in question was involved in the proceedings before

the county court, and on appeal to the district court, and therefore, the county court could have no jurisdiction of the issues there involved, and the district court could acquire no jurisdiction by the appeal.

In this connection defendants rely upon the proviso contained in section 12, art. 7, of the Constitution, as follows:

"Provided, that the county court shall not have jurisdiction * * * in any matter wherein the title or boundaries of land may be in dispute or called in question."

And also, on the provisions of section 3168, C. O. S. 1921, containing the same provision, and the further proviso, "that in any civil action in the county court where title or boundaries of land may be called in question, said action shall be transferred to the district court in the same manner, and upon the same grounds, and be proceeded with therein, as provided for similar actions before justices of the peace." The provisions referred to are found in section 901, C. O. S. 1921 [O. S. 1931, sec. 867].

Plaintiff concedes that a county court has no jurisdiction to pass upon the question of title to real property, either in a probate proceeding or in any other action.

But, in a proceeding to set aside a homestead, the question of title may not be investigated. The general rule is stated in 29 C. J. 1033, as follows:

"Questions regarding the title to land are not involved and cannot be considered. Such questions can be determined only in an appropriate action brought at law."

And again, at p. 1039, it is stated:

"The setting apart of a homestead to survivors does not adjudicate title to the premises or in any way affect title."

In Estate of Burton, 64 Cal. 428, 1 P. 702, it is said:

"* * * It would, doubtless, be competent for a court sitting in probate to examine into the title to a given parcel of the real estate mentioned in the inventory as a basis for the exercise of its discretion in selecting one parcel or the other as a homestead; but for the purpose of adjudicating upon the title as between adverse claimants, it has no jurisdiction. It determines merely that the parcel named is selected from the estate of the deceased (whatever his interest therein may have been), and who are the persons entitled to the benefit of the homestead selection."

In Kimberly's Estate (Cal.) 32 P. 234, it is held:

"On a petition to set apart as a homestead property inventoried as belonging to the decedent's estate, the probate court has no jurisdiction to try adverse claims to such property."

That was an appeal from an order refusing to set aside a homestead, and in the opinion it is said:

"The question of the validity of the adverse title claimed by the contestants to an undivided interest in the property sought to be set apart as a homestead is one not proper to be litigated in this proceeding. In re Groome's Estate (Cal.) 29 P. 487; Estate of Burton, 64 Cal. 428, 1 P. 702. Whether the contestants acquired by virtue of the foreclosure proceedings referred to in the findings of the court any interest in the land described in the petition for homestead must be determined in some appropriate action brought for the purpose of settling that question. The question is not involved here, and we express no opinion in relation to it."

The purpose of the proceeding to set aside a homestead is to carve the homestead out of the estate of the deceased spouse and separate it from the lands subject to administration, and title is not involved. Coffey v. Joseph, 74 Ala. 271; Cox v. Bridges, 84 Ala. 553; Stewart v. Blalock, 45 S. C. 61, 22 S. E. 774.

In Firth's Estate (Cal.) 78 P. 643, it is said that in a simple petition for a homestead, the question to whom the remainder goes is an issue which may not be legitimately presented.

In Groome's Estate (Cal.) 29 P. 487, in an appeal from an order refusing to set aside a homestead to the surviving widow and minor daughter, the Supreme Court, in reversing the order, said:

"Again, as the decedent had the apparent legal title to the land and was residing on it at the time of his death, and it was inventoried and appraised as a part of his estate, the question of adverse ownership could not be considered in a proceeding like this, but must be tried and determined in another forum. Estate of Burton, 63 Cal. 36, 64 Cal. 428, 1 P. 702."

It appears clear that in a simple proceeding or petition to set aside a homestead the question of title may not be raised by an adverse claimant so as to deprive the county court of jurisdiction and the power vested in it in matters purely probate.

The proceeding is not one where the case may be transferred to the district court

under the provisions of section 3168, C. O. S. 1921. That section is limited in its application to civil actions wherein the title or boundaries of land may be legitimately called in question.

If one claiming adverse title in a proceeding to set aside a homestead could require the proceeding to be transferred to the district court in order to determine the question of title, the question of setting aside the homestead would then be transferred to a court having no original jurisdiction in probate matters. The result would be that neither court could have jurisdiction to set aside the homestead. The county court could not do so because the title was involved, and the district court could not do so because exclusive jurisdiction in probate matters is, by the Constitution, lodged in the county court. Proceedings to set aside a homestead must be treated as in the nature of special proceedings like unto forcible entry and detainer and unlawful detainer cases, in which title may not legitimately be called in question, leaving the adverse claimant to his appropriate action in the proper forum to litigate the question of title.

The county court, and the district court upon appeal, had jurisdiction to make the order setting aside the homestead to plaintiff, and the order of the district court setting aside the whole 160 acres to plaintiff as a homestead was within such jurisdiction and final upon failure to appeal therefrom. If the son, John F. Pierce, had any claim or desired to assert any claim of superior title, he was not precluded by the proceedings to set aside the homestead from asserting his claim in an appropriate proceeding in the district court. As stated above, he is not asserting such claim in this action. In fact, he appears to have sold to plaintiff all the property and improvements awarded to him by the district court, and surrendered possession of the land to her in consideration of the sum of $250.

This order setting aside the whole 160 acres to plaintiff as a homestead being a valid order, her right to receive, collect, and use, in her own right, the royalties arising from the gas well developed under a lease executed prior to the death of her husband during the continuance of the homestead, is established beyond question in the case of Lawley et al. v. Richardson et al., 101 Okla. 40, 223 P. 156, wherein it is held:

"The surviving widow of a deceased person, occupying land as a homestead under the laws of the state, is entitled, as against the heirs of decedent, to receive, collect, and use, in her own right, the royalties arising from oil and gas wells developed under a lease executed prior to the death of deceased, and such royalties, during the continuance of the homestead, do not constitute a trust fund for all of the heirs of decedent."

Therein the authorities are collected and cases are cited from other states where oil and gas were produced long before the oil and gas industry was developed in Oklahoma.

The rule seems to be well settled, and we deem further discussion of the question unnecessary.

The contention that plaintiff procured an allowance upon the theory that she was not entitled to the royalties in question and is thereby estopped to claim them is entirely without merit. The executrix appears to have been claiming the royalties as a part of the estate from the time the will was admitted to probate. The Home Pipeline Company was withholding the royalties from plaintiff apparently because of the adverse claim of the executrix and other devisees. Being unable to collect the royalties due her, she was justified in making the application for widow's allowance.

The judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.