[Civ. No. 13829. First Dist., Div. One. Sept. 1, 1948.]

Estate of EDITH E. DALTON, Deceased. JOSEPH H. SYVERSON, Appellant, v. FRANK A. DALTON, as Administrator, etc., Respondent.

334

Owen D. Richardson and Donald B. Richardson for Appellant.

L. F. Hobbs for Respondent.

WARD, J.—Joseph H. Syverson, herein called appellant, appeals from an order designating and setting apart a probate homestead on certain real property which had been returned in an inventory as property of the estate of Edith E. Dalton, deceased, Syverson's mother. The order was made in response to a petition filed by Frank A. Dalton, the surviving spouse and administrator of the decedent's estate. The homestead was limited to a term of 10 years from January 19, 1948.

The first petition to set apart the probate homestead was presented prior to the filing of the inventory. Syverson filed objections. The petition was denied upon the ground that "petitioner's application for an order setting apart a homestead is premature." Subsequently, after the inventory was filed, there was a rehearing.

The probate court received evidence on the disputed petition. It developed that the deceased had been married to objector Syverson's father from whom she obtained a divorce. Later she married one Benson; and subsequently she married Dalton. During the period between the date when Dalton applied to set aside the property as a homestead and the date the order was made thereon, it developed, as appears from the record, that Dalton had remarried and was occupying the designated premises. This status of the administrator husband is mentioned in the closing brief. There was also con-

flicting evidence on the intent of the decedent—whether she desired Dalton to retain the premises after her death.

The objections filed by Syverson are based entirely upon the claims that he is the owner of the property in question, which is described in the inventory; that Dalton "never had any right or title in or to said real property"; that a separate action is pending to quiet title wherein Syverson is plaintiff and Dalton as administrator is defendant, and that a homestead appraisement was not made in accordance with Probate Code, section 664. The last point is not urged in the briefs.

The objections presented before the probate court, and advanced in appellant's opening brief in this court, are based upon the claim that the probate court erred in attempting to set aside a probate homestead to the surviving spouse since the homestead property had been conveyed to Syverson by the decedent before her death. In brief, Syverson did not contend that he was an heir or legatee but based his objection upon a claim that the title to the particular piece of property was not held by the estate.

The probate court may not determine title to property in such a proceeding. It has no jurisdiction to adjudicate the validity of a claim of title which is adverse to that of the estate. The probate court, upon petition after the inventory is filed, may set aside property as a homestead for the surviving spouse for a limited period within the life of the surviving spouse if it is inventoried as property of the estate (Prob. Code, § 661; 11A Cal.Jur. § 459, p. 641), without reference to its title (*Estate of Burton*, 64 Cal. 428 [1 P. 702]). The probate court in its discretion may examine the title for the purpose of selecting an appropriate parcel. However, in "setting apart a probate homestead, the court cannot adjudge in whom the title vests, or adjudicate the title as between adverse claimants." (11A Cal.Jur. § 461, p. 644.)

In *Sonnicksen* v. *Sonnicksen*, 45 Cal.App.2d 46, 58-59 [113 P.2d 495], the court expressed the following views: "The order designating a homestead to Martha Sonnicksen was made under the provisions of section 661 of the Probate Code, which declares that the probate court, upon the petition of the surviving spouse, or minor children, 'must select . . . a homestead for the use of the surviving spouse and the minor children' out of the property of the decedent. In making the order the probate court acts under the limited jurisdiction conferred by the Probate Code and is without power or jurisdiction to

try or determine any adverse claim of title to the property of the decedent. To the contrary, one of the purposes of the code section is to make provision for the maintenance of the surviving spouse and minor children during the pendency of any such litigation involving adverse claims to decedent's estate.

"The rule of decision in this state is in full harmony with these provisions of the Probate Code, and we find no departure from the statement of the rule in 11A Cal.Jur., page 649, reading: 'It is the duty of the court to set apart the homestead, and the performance of that duty does not·change the property itself, nor affect the true title to it. The proceedings operate only upon whatever right the deceased had at the time of his death. In exercising its jurisdiction over the property and in making the order, the court deals with the property only as an asset of the estate. Being inventoried and appraised as such, it is subject to the jurisdiction of the court in the administration, but neither the inventory nor the withdrawal of a portion of it as a homestead affects or adjudicates the question of title as between parties claiming title thereto. Any question as to the validity of title must be tried and determined in another forum, in some appropriate action brought for the purpose. In view of the foregoing, it is clear that if one's opposition to granting the order is overruled by the probate court that does not preclude him from establishing his title in an action brought for that purpose.' " (See, also, *Dickey* v. *Gibson,* 121 Cal. 276 [53 P. 704] ; *Estate of Niccolls,* 164 Cal. 368 [129 P. 278] ; *Estate of Klumpke,* 167 Cal. 415 [139 P. 1062].)

Appellant cites authorities on the question of the validity of the gift deed from the mother to her son. This is not an appeal to determine the validity of such deed, hence the authorities need not be considered. In appellant's closing brief a new point is raised—that on the date the probate court set aside the homestead in favor of the administrator, Dalton, the former husband of the deceased "spouse" had previously remarried and therefore was no longer a "surviving spouse." This fact appears only incidentally in the evidence. It is contended that when respondent remarried he lost the status of "surviving spouse" as that term is used in section 661 of the Probate Code. If this point were before us there might be some merit in appellant's contention. (*Estate of Boland,* 43 Cal. 640.) However, whether the remarried status is to be determined at the date of the petition for the homestead or at

the date it is granted, is a debatable question. (*Estate of Boland, supra*; *Estate of Wyss*, 112 Cal.App. 487 [297 P. 100].) But the point is not before us.

In his objections Syverson claimed that he was the owner of the property and did not assert he was an heir or legatee. The point is not raised as an issue in the pleadings or at any time during the trial or in the opening brief on appeal. Not having been in issue in the court below the point cannot now be raised. (2 Cal.Jur., § 67 et seq., p. 234.) The court found, and the record substantiates the finding, that the "objections . . . go solely to a claim of title adverse to the above estate."

Appellant has mistaken his remedy. However, it should be understood that any statement as to the title herein is not to be accepted as the controlling view of this court upon the merits factually or legally of any pending action or of any other proceeding that may be instituted.

On the record presented on this appeal, the order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.