[Civ. No. 16622.   Second Dist., Div. Two.   Oct. 5, 1948.]

G. W. STRATTON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, as Guardian, etc., Real Party in Interest.

Leo V. Silverstein and Fleming, Robbins & Tinsman for Petitioner.

Harold W. Kennedy, County Counsel, and James A. Cobey, Deputy County Counsel, for Respondent.

Geo. W. Dryer, Stanley C. Lagerlof and Herbert V. Walker for Real Party in Interest.

WILSON, J.—Petitioner is the husband of Cora L. Stratton, an incompetent person, of whose estate Security-First National Bank of Los Angeles is guardian. The guardian and the petitioner sold two parcels of real property alleged by petitioner to have been community property but the guardian asserted it to have been owned by them as tenants in common. Petitioner presented his amended petitions to the superior court sitting in probate for an order requiring the guardian to apply community property held by it in payment of an alleged community debt and for hospitalization of the incompetent and for an order directing delivery to petitioner of community property held by the guardian. A demurrer was filed by the guardian, together with objections raising issues of fact as to the character of the property and the indebtedness. The demurrer was sustained without leave to amend, after which judgment was entered reciting that the court found that the amended petitions did not state sufficient facts to constitute a cause of action and dismissing them for lack of jurisdiction.

Petitioner seeks a writ of mandate to compel the superior court to take jurisdiction of and to determine the controversy between petitioner and the guardian of his wife's estate.

Petitioner maintains not only that the superior court sitting in probate should have entertained jurisdiction of his petitions but that it should have ordered the guardian to apply the funds in its possession as he requested for the reason that such funds were community property and therefore should be devoted to the satisfaction of the community indebtedness.

The guardian's demurrer to the petition and its objections thereto filed in the superior court raised two issues: (1) whether the property held by the guardian is community property of the petitioner and the ward, and (2) whether the estate held by it is liable for the payment of the indebtedness and expenditures mentioned in the petition, and at the same time challenged the jurisdiction of the probate court to determine the question of title to the funds or any issue as to the character of the indebtedness. The question before us is: Had the court power to determine those issues in a guardian-

ship proceeding, or must they be presented in an adversative action on the civil side of the court?

When the court mistakenly refuses to pass upon a matter before it on the ground that it is without jurisdiction, mandamus is the proper remedy to compel the court to act, provided the proceeding is actually one of which the court has jurisdiction. (*Lissner* v. *Superior Court*, 23 Cal.2d 711, 717 [146 P.2d 232] ; *Katenkamp* v. *Superior Court*, 16 Cal.2d 696, 698 [108 P.2d 1].) If the matter is not within the jurisdiction of the court manifestly it cannot be required to act.

Sections 1435 et seq. of the Probate Code, including section 1435.8 relied on by petitioner, are in a chapter titled "Community Real Property and Homestead Property of Insane or Incompetent Persons." The text of those sections refers and is applicable only to community property. Since the community property is liable for the debts of the husband, whether contracted for the benefit of the community or for the husband's personal benefit (*Grolemund* v. *Cafferata*, 17 Cal.2d 679, 688 [111 P.2d 641] ; *Estate of Coffee*, 19 Cal.2d 248, 252 [120 P.2d 661] ; *Brunvold* v. *Johnson & Co., Inc.*, 59 Cal.App.2d 75, 80 [138 P.2d 32] ), it will be assumed that if the funds in question in this proceeding had been admitted to be community property the petitions would have been granted by the probate court. The guardian denied the community character of the assets of the guardianship.

Although the superior court sitting in probate has jurisdiction to determine title to property when it is claimed by a representative of the estate in his individual capacity (*Estate of Boggs*, 33 Cal.App.2d 30, 34 [90 P.2d 814] ; *Bauer* v. *Bauer*, 201 Cal. 267, 271 [256 P. 820] ) it is without jurisdiction to determine adverse rights to such property as between the estate and strangers thereto. (*Guardianship of Vucinich*, 3 Cal.2d 235, 243 [44 P.2d 567] ; *Estate of Dalton*, *ante*, pp. 333, 335 [197 P.2d 62].) Where the decedent and another party were tenants in common the probate court was held to be without power to determine adverse rights to the property. (*McCarthy* v. *McCarthy*, 205 Cal. 184, 185 [270 P. 211].) The case of *Colden* v. *Costello*, 50 Cal.App.2d 363 [122 P.2d 959], cited by petitioner, is factually different from the instant proceeding and is not in point.

Since petitioner is not a representative of the guardianship estate but is a stranger to the proceedings making a claim to the property in possession of the guardian, and

since the guardian denies that such property is community property of petitioner and the ward but that they hold it as tenants in common, the trial court rightly refused to determine the issues raised by the petition and the guardian's objections. ██ Furthermore, the order refusing to instruct the guardian which followed the sustaining of the demurrer is an appealable order (Prob. Code, § 1630), hence there would be no occasion for a writ of mandate if the court had erred in its ruling.

The petition for a peremptory writ of mandate is denied and the alternative writ is discharged.

Moore, P. J., and McComb, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 2, 1948. Carter, J., and Schauer, J., voted for a hearing.