Mrs. Margaret YOUNGMAN et al.,
Appellants,

v.

Mrs. Elizabeth Love SHULAR et al.,
Appellees.

No. 12866.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1955.

Rehearing Denied July 6, 1955.

Patrick J. Horkin, Jr., Corpus Christi, for appellants.

William S. Clarke, Houston, Arnold W. Franklin, Jourdanton, for appellees.

## W. O. MURRAY, Chief Justice.

On October 29, 1936, Rem B. Love and Elizabeth Love (now Mrs. Shular) were husband and wife, and on that day executed an oil and gas lease to The Texas Company upon their homestead, consisting of 112.1 acres of land, fully described in the pleadings, and located in Atascosa County, Texas. Afterwards, in May, 1944, Rem B. Love died intestate, leaving as survivors his wife, Elizabeth Love, and five daughters. At the time of Rem B. Love's death no oil wells had been drilled on their homestead, but in 1946 The Texas Company, acting under the above lease, drilled an oil well upon this homestead, and has since that time drilled four more producing oil wells upon the lease. The Texas Company has been paying one-half of the ⅛ royalty provided for in the lease to Elizabeth Love Shular, who still occupies the land as her homestead. The other half of the ⅛ royalty has been paid to Kennedy A. Milburn under an assignment by Rem B. Love and wife, prior to Rem B. Love's death. This assignee is not a party to this suit and his rights are not in question. It was stipulated that the land was either community property or the separate property of Mrs. Shular's deceased husband, Rem B. Love.

Mrs. Margaret Youngman and two of the other daughters of Rem B. Love and Elizabeth Love, brought this suit for an accounting by The Texas Company, and for a declaratory judgment to the effect that they as remaindermen are entitled to the royalty from these wells allowing Mrs. Elizabeth Love Shular only an interest in the royalty.

The trial court rendered judgment decreeing, among other things, that plaintiffs take nothing by reason of their suit, and declaring Mrs. Shular to be entitled to all future royalties occurring under the lease, except such as she and her former husband, Rem B. Love, had assigned to Kennedy A. Milburn, from which judgment the three daughters have prosecuted this appeal.

Appellants present but one point. Their contention is that inasmuch as there was no oil production from the 112.1 acres at the inception of the life estate given by law to the wife, the "open mine" or "open well" doctrine would not apply and the wife should have only the use of the royalty, with the duty to account to the remaindermen for the corpus of the royalty at the time her life estate in the homestead terminates.

There is no dispute in the material facts. They are all readily admitted by all parties. The only point to be decided is whether the execution of the oil and gas lease during the lifetime of Rem B. and Elizabeth Love was sufficient to invoke the "open mine" or "open well" doctrine so as to allow the wife the right to take the royalty from wells drilled after her husband's death, without being required to account to the remaindermen for such royalty at the termination of her life estate.

It appears that this exact question has never been decided in Texas, and this case presents one of first impression in this State, although there are a great many decisions on the point from other jurisdictions.

Appellants base their contention upon the fact that in Texas it has definitely been held that oil and gas in place are a part of the realty and therefore, they reason, that when it is removed by the life tenant she is taking a part of the corpus of the estate and must therefore account to the remaindermen for such waste.

There are two kinds of life estates, one known as a conventional life estate, created by some instrument, and the other a legal life estate, created by operation of law. Here we have a legal life estate and need consider only authorities relating to such life estates.

There are at least three general situations that may arise with reference to the rela-

tive rights and duties of life tenants and remaindermen where oil is being produced from land held by a life tenant.

■ First: Where oil is being produced from the land at the time the life estate comes into existence. Under such circumstances we may accept the law as settled in Texas, that the "open mine" or "open well" doctrine does apply and the life tenant is entitled to the royalty from the well and is not impeachable for waste and need not account to the remaindermen in any way for such royalty. Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779.

■ Second: Where no oil is being produced and no lease has been executed upon the land prior to the inception of the life estate. Under these circumstances we may consider the law as well settled in Texas that the life tenant is not entitled to the royalty, is impeachable for waste, and though entitled to the use of the royalty (ordinarily regarded as interest on the royalty), so long as the life estate lasts, but such life tenant must account to the remaindermen for the royalty at the termination of the life estate. Texas Co. v. Marlin, 5 Cir., 109 F.2d 305; Amarillo Oil Co. v. McBride, Tex.Civ.App., 67 S.W.2d 1098; Higgins Oil & Fuel Co. v. Snow, 5 Cir., 113 F. 433; Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 742, 69 L.R.A. 986.

■ Third: Where there is no oil being produced from the land at the inception of the life estate, but where an oil and gas lease has been executed, as here, by the husband and wife before the husband's death, and after the death of the husband and the beginning of the wife's life estate, development under such lease is begun and oil in paying quantities is produced from the land. There are some decisions in this State hinting that, under this situation, the life tenant would be entitled to the royalty and would not be impeachable for waste, but these decisions are not conclusive and the language there found bears only indirectly upon the situation here.

In Barton v. Warner, Tex.Civ.App., 142 S.W.2d 303, 305, the Court quoted from 43 A.L.R. 814, as follows:

" 'The life tenant, in the absence of a contrary intention manifested by the person who created the life estate * * * is entitled to the rentals or royalties (not only the interest thereon) from wells opened after the commencement of the life estate under authority granted, through lease or otherwise by the person who created the life estate.' "

So far as we have been able to ascertain, the decisions in other jurisdictions are unanimous in holding that where the husband and wife execute a valid oil and gas lease upon their homestead, authorizing the lessee to drill oil wells and produce oil from the Homestead, and the husband dies intestate before there is any development, but after his death the lessee proceeds under such lease to drill and produce oil, after the life estate of the wife has begun, the "open mine" or "open well" doctrine will apply and the wife will be entitled to the use and enjoyment of the royalty and cannot be impeached for waste.

In 31 C.J.S., Estates, § 42, p. 51, the rule is stated thusly:

"When not expressly precluded, however, a life tenant may work a mine, quarry, or well, opened before the creation of his estate, even to exhaustion; and not only for his own use but for profit; and is entitled to all proceeds derived from such operation without being obliged to make provision for any fund to offset depletion. *Mining by the life tenant will be allowed if the former owner of the fee has impressed on it the character of mining land, by executing an enforceable lease for that purpose prior to the commencement of the life estate, although no mines have been opened thereunder until after the commencement of the life estate; and if a lessee of an oil and gas lease enters after lessor's death and drills and produces*

*oil and gas, the wells will be regarded as open at lessor's death, and the life tenant will be entitled to the rents and profits reserved to lessor, accruing therefrom, during the life tenancy.*" (Emphasis ours.)

In 33 Am.Jur. 835, § 331, we find the following:

"A life tenant, in the absence of a contrary intention manifested by the person who created the life estate or by a statute governing the subject, is also entitled to rentals or royalties (not merely the interest thereon) from wells opened after the commencement of the life estate under authority granted, through lease or otherwise, by the person who created the life estate. Moreover, if the opening of a mine or well was authorized by the holder of a preceding estate of inheritance, through a valid lease executed before his death, even though the well was not in fact opened till after his death, nevertheless it will be deemed an 'open well' as of the date of his death, and a life tenant will be entitled to the yield therefrom as part of the issues and profits of the land. Similarly, royalties derived from oil wells opened after the death of the owner of property in pursuance of express or implied powers conferred by his will ordinarily belong to a life tenant and not to the remainderman."

There are many authorities to the same effect: 3 Summers Oil and Gas, p. 547, § 613; 2 Thornton on Oil and Gas, 5th Ed., p. 72, § 416; Bramer v. Bramer, 84 W.Va. 168, 99 S.E. 329; Koen v. Bartlett, 41 W. Va. 559, 23 S.E. 664, 31 L.R.A. 128; Minner v. Minner, 84 W.Va. 679, 100 S.E. 509; Mairs v. Central Trust Co., 127 W.Va. 795, 34 S.E.2d 742; Benson v. Nyman, 136 Kan. 455, 16 P.2d 963; Andrews v. Andrews, 31 Ind.App. 189, 67 N.E. 461; Richmond Natural Gas Co. v. Davenport, 37 Ind.App. 25, 76 N.E. 525; Warren v. Martin, 168 Ark. 682, 272 S.W. 367; Eager's Guardian v. Pollard, 194 Ky. 276, 239 S.W. 39, 43 A.L. R. 808; Lawley v. Richardson, 101 Okl.

40, 223 P. 156, 43 A.L.R. 803; Tarman v. Pierce, 168 Okl. 348, 33 P.2d 203; Lusk v. Carter Oil Co., 172 Okl. 508, 53 P.2d 656.

We see no reason for not following the well settled rule laid down by these authorities. See "Rights of a Life Tenant" by Clarence A. Guittard, Vol. IV, Texas Bar Journal 265 (June, 1941 issue).

■ Appellants insist that inasmuch as it has definitely been held in Texas that oil and gas in place is a part of the realty, and that title to realty vests instantly in the heirs of an individual dying intestate under the provisions of the statutes of descent and distribution, the life tenant can have no greater right in the royalty than interest on the same during the continuance of the life estate. We readily agree that oil and gas in place is realty and that ordinarily a life tenant is impeachable for waste where it has taken any part of the corpus of the estate, but the "open mine" or "open well" doctrine is an exception to this rule recognized in Texas. Clayton v. Canida, Tex.Civ.App., 223 S.W.2d 264; White v. Blackman, Tex.Civ.App., 168 S.W.2d 531; Petrus v. Cage Bros., Tex.Civ.App., 128 S. W.2d 537.

Thus we come back to the question as to whether under the facts in this case the "open well" doctrine applies. Under the authorities above cited there can be no question that the doctrine does apply.

Appellants cite the cases of Mitchell v. Mitchell, 151 Tex. 1, 244 S.W.2d 803, and Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297. We do not regard these cases as being in point here. In the first place they deal with conventional life estates, and much of the opinions is devoted to the construction of the instruments creating the life estates, and in the second place, in those cases, no oil had been produced and no lease had been executed prior to the inception of the life estate, which distinguishes these cases from the case at bar.

Appellants insist that Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986, is stare decisis of the question here presented. In that case Chief Justice

Gaines had before him a case where no well had been drilled and no lease executed before the inception of the life estate. There can be no doubt about the correctness of Chief Justice Gaines' opinion in that case, but he did not have before him a case where a valid lease had been executed by the owner of the fee before the commencing of the life estate.

The judgment of the trial court will be affirmed.