Janie Lee ANDERSON et al., Appellants,

v.

Sophronia Ann KENNON et al., Appellees.

No. 10894.

Court of Civil Appeals of Texas.

Austin.

Nov. 15, 1961.

Rehearing Denied Jan. 10, 1962.

Skelton, Bowmer & Courtney, Temple, for appellants.

Cox, Brown & Daniel, Temple, for appellees.

ARCHER, Chief Justice.

This suit was filed by appellants as remaindermen and residuary legatees of the will of B. B. Simmonds, deceased, against Alice Beatrice Simmonds, surviving widow and a life tenant under his will, to set aside various conveyances and gifts made

by her out of the estate of B. B. Simmonds, deceased, to the other appellees herein and to recover from such life tenant and the other appellees the value of such conveyances and gifts in the total sum of $11,000,000.00, requesting the appointment of an auditor to adjust the accounts of the parties and seeking to impose a trust upon all of the property of the life tenant, Alice Beatrice Simmonds, and the grantee and donee appellees who were alleged to have been working in concert and collusion with her to cut off the interests of appellant remaindermen and residuary legatees under the will of B. B. Simmonds, deceased.

During the pendency of this suit the life tenant, Alice Beatrice Simmonds, died and the First National Bank of Temple and the Temple National Bank were appointed Joint Administrators of the Estate of B. B. Simmonds, Deceased. The executors of the estate of the life tenant, Alice Beatrice Simmonds, have been made parties to this suit since her death and the suit has been maintained and prosecuted against her estate.

The appeal is from a judgment of the 146th Judicial District Court of Bell County, Texas, sustaining the appellees' plea to the jurisdiction of the Court and appellees' Special Exceptions (a), (c), (m), and (n) to the appellants' petition and granting appellees' motion for a summary judgment, ordering and adjudging that the appellants take nothing by their suit and rendering and entering final judgment in favor of appellees.

It is admitted by all parties that the will in question vests in appellee, Alice Beatrice Simmonds, a life estate and vests in appellants a remainder in the estate of B. B. Simmonds, deceased.

The issues presented by this appeal concern the Trial Court's judgment that a prior suit in the District Court of Nueces County resulted in a binding judgment not subject to collateral attack

by appellants herein and which is res adjudicata upon all the matters stated therein and pertain to the Trial Court's judgment sustaining appellees' Special Exceptions to appellants' petition on the same grounds, and the Trial Court's judgment sustaining appellees' Special Exception to appellants' petition to the effect that the will of B. B. Simmonds, deceased, gave Alice Beatrice Simmonds as life tenant the full power of sale and distribution including the right to convey by sale, gift or otherwise for any consideration or no consideration, the property of B. B. Simmonds, deceased, and granting a summary judgment on the same ground.

The main issue involved in this appeal is the construction of the will of B. B. Simmonds, deceased, with reference to what power, if any, it gave appellee, Alice Beatrice Simmonds, as life tenant, to sell his property for an inadequate consideration or to give it away without receiving any consideration therefor.

This appeal is predicated on five points assigned as error of the Trial Court (1) in sustaining Special Exception (n) to appellants' petition and (2) in granting appellees' motion for summary judgment, holding thereby in effect that the will of B. B. Simmonds bestowed on the life tenant the full power of sale and disposition of his estate and holding that the life tenant could make gifts of the estate of mineral interest to a corporation which in turn gave back to the life tenant ½nd of such mineral interest as her separate property; (3) in sustaining Special Exceptions (a) and (c) to appellants' petition to the jurisdiction of the Trial Court, thereby holding in effect that the judgment in a prior suit in Nueces County construing the will of B. B. Simmonds is not subject to collateral attack and is res adjudicata, because such judgment is void; (4) in sustaining Special Exception (m) to appellants' petition, thereby holding in effect that the judgment gave the life tenant authority to execute mineral leases

under the "open mine doctrine" and (5) in granting appellees' motion for summary judgment when there were many genuine issues as to material facts involved in the case to be resolved.

B. B. Simmonds died in Bell County on May 21, 1933, leaving a will which was admitted to probate, in which his wife Alice Beatrice Simmonds was named independent executrix and she qualified as such.

Paragraph 3 of the will is as follows:

"I will, devise and bequeath all the property, real, personal and mixed, wherever situate, of which I may die seized and possessed or to which I may be entitled at the time of my demise unto my wife, Alice Beatrice Simmonds, for and during her natural life only, all or any part of which property, however, she may from time to time, in any manner or to any extent that she may deem best, mortgage, sell, convey and dispose of, conveying fee simple title thereto, for such consideration and on such terms as she may desire, without limitation or restriction whatever, and upon her death the same shall go to and descend and vest in the following persons, to wit:" (naming them).

Trial was had to the Court and several special exceptions were sustained. Appellees filed their motion for summary judgment alleging that there is no genuine or material issue of fact to be determined in the suit and that the entire proceeding should be disposed of upon an issue of law with reference to the construction of the will, and that under the law and the will of B. B. Simmonds, his surviving wife was given full, complete and absolute power, free and independent of the Probate Court, and without restriction or limitations, to sell, convey and dispose of any property belonging to the estate of B. B. Simmonds, by sale, gift or otherwise and including but

not limited to any mineral interest or mineral estate, upon such terms and for such consideration as she might desire, and that the defendants (appellees herein) are entitled to a summary judgment.

In answer to defendants' motion for summary judgment, the plaintiffs filed an answer alleging that there are many genuine and material issues of fact to be determined in the case, and that the proceeding should not be disposed of upon an issue of law with reference to the construction of the will of B. B. Simmonds; that the provisions of the will herein quoted did not confer upon Mrs. Simmonds any authority to sell or dispose of the corpus of the estate, except for a full and adequate consideration paid to the estate, and did not authorize her to give away, transfer or dispose of any of the corpus of said estate including land, mineral interests and mineral estates, without the estate being paid therefor a full and adequate consideration.

It was further alleged that an issue of fact existed as to whether or not the contents of the petition filed by Alice Beatrice Simmonds v. H. G. Simmonds et al., in 1937 in the 117th District Court of Nueces County, Texas, to construe the will of B. B. Simmonds, were true and correct and as to representations made to the plaintiffs herein that the waivers would not affect their legal rights, or whether or not such representations induced the plaintiffs herein not to contest the suit, or if such representations were false, or if the waivers were legally executed, or if the proceeds of any leases or sales would belong to Mrs. Simmonds, or if Mrs. Simmonds gave away and wasted a large part of the estate, and further, whether or not the purported sale of the $\frac{7}{8}$ths interest in the 5,665.7 acre tract was conveyed as an individual or as an independent executrix, or if the sale to the Puenticitas Oil Company was without consideration and was a gift.

The above allegations made by the plaintiffs in their answer to the motion are fairly representative of the entire reply and there is no necessity to recite them further. The plaintiffs prayed that the motion be in all things denied. The Court granted the motion for summary judgment on the first day of February, 1961 and sustained defendants' plea to the jurisdiction of the Court, insofar as any modification, annulment or setting aside of the judgment entered on May 7, 1937 by the 117th District Court of Nueces County, Texas in Cause No. 16,783–B, styled Alice Beatrice Simmonds v. H. G. Simmonds et al, because the judgment is valid and binding upon the parties plaintiff and is *res adjudicata* upon all parties in this cause and is not subject to collateral attack.

There were several special exceptions filed by defendants to the effect that the Nueces County judgment is a valid judgment not subject to collateral attack and is res adjudicata upon all of the parties to this proceeding. The judgment construed the will as giving Mrs. Alice Beatrice Simmonds the right and authority to execute oil, gas or mineral leases, division orders, etc. and as a life tenant under the "open mine doctrine" had full power to receive and was entitled to all royalty and income pursuant to the production of oil, etc. from the said land until her death as her separate property.

We believe that the pertinent paragraph in the will of B. B. Simmonds, as is hereinabove set out, conferred on Mrs. Alice Beatrice Simmonds a life estate "for and during her natural life only" in the estate of decedent B. B. Simmonds, all or any part of which property she might from time to time in any manner or to any extent that she might deem best, mortgage, sell, convey and dispose of conveying fee simple title thereto for such consideration and on such terms as she desired, *without limitation or restriction whatever.*

■ This provision conferred full power and authority on Mrs. Simmonds to do all and everything she did, except the conveyance to herself of the ½₂nd of the ⅞ths mineral interest in the 5,665.7 acres of land as her separate property.

We further construe the will to mean as is stated therein, that upon the death of Mrs. Simmonds, the life tenant, all of the property real, personal or mixed, should go to, descend and vest in the several named remaindermen. This would include the ½₂nd mineral interest and any and all other property in the possession of the life tenant at her death which had been derived from the usage of the property and mineral estate income.

The sale and transfer of the mineral estate to the Puenticitas Oil Company by the life tenant and the conveyance from the Oil Company back to Mrs. Simmonds, the life tenant, did not have the effect of making the reconveyed property the separate property of the life tenant.

■ The life tenant cannot by fraudulent means defeat the rights of the remaindermen by dealing with himself. Littler v. Dielmann, 48 Tex.Civ.App. 392, 106 S.W. 1137, error ref.; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1.

■ During her lifetime the life tenant *had full authority to dispose of the property by sale or otherwise dispose of the property as provided in the will,* but could not dispose of the property by will of her own. Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805.

Appellees' position is that the will conferred full power of sale and disposition including conveyances by sales, gifts or *otherwise,* and that the conveyance by the Puenticitas Oil Company *back* to the life tenant did not constitute a gift, and was not in fraud of any rights of the remaindermen; that the judgment in a prior suit in Nueces County construing the will of B. B. Simmonds was not subject to collateral at-

tack and was res adjudicata and that the special exceptions (a) and (c) were well taken and the Court did not err in sustaining special exception (m) to the effect that the life tenant had the authority to execute mineral leases under the "open mine doctrine" and that the life tenant was entitled to all royalty as her separate property; that the summary judgment was proper because there was no genuine issue as to any material fact.

As hereinabove stated, we believe that the will conferred on the life tenant the powers as there set out to sell and dispose of the property without limitation or restriction whatever during her natural life only. These powers do not confer on or authorize the life tenant to dispose of the property or any part thereof belonging to the estate of B. B. Simmonds by will.

We recognize and believe that insofar as the life tenant disposed of the property during her natural life only she was acting within her power and authority. Lowe v. Ragland, 156 Tex. 504, 297 S.W.2d 668; Ellis v. First National Bank in Dallas, Tex. Civ.App., 311 S.W.2d 916, error ref., N. R.E.

There are many prior cases involving powers conveyed by a will to life tenants. Young v. Campbell, Tex.Civ.App., 175 S.W. 1100; Johnson v. Kirby, Tex.Civ. App., 193 S.W. 1074; Kilpatrick v. Cassel, supra.

In the case in the District Court of Nueces County the Trial Court construed the will of B. B. Simmonds to authorize the life tenant to execute mineral leases, sales, etc., and to receive and receipt for the consideration and appropriate the same to her sole use, but any balance that remained at the death of the life tenant should vest in the parties as provided in the will. The judgment further provided that all such considerations and proceeds received by the life tenant "shall belong to the said Alice Beatrice Simmonds, subject to her exclusive use," etc.

Appellants take exception to the above part of the judgment that the considerations "shall belong" to the life tenant.

■■ With the Trial Court's judgment we find no objection except the Trial Court could only adjudicate powers and authority of the life tenant and not title, as was done in declaring the proceeds from sales and mineral leases to be the separate property of the life tenant and that such determination in the judgment may be attacked collaterally. 25 Tex.Jur. 686, 687, 695.

"A judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." Kubena v. Hatch, 144 Tex. 627, 193 S.W.2d 175.

We do not believe that the "open mine doctrine" is applicable in this case. There had been no oil or gas wells drilled on the land belonging to B. B. Simmonds prior to his death and no oil, gas or other mineral leases had ever been executed by him or the life tenant prior to his death. The first production was had about ten years after the death of Mr. Simmonds and the beginning of the life estate.

In Youngman v. Shular, Tex.Civ.App., 281 S.W.2d 373, affirmed in 155 Tex. 437, 288 S.W.2d 495, it was held:

"[2] Second: Where no oil is being produced and no lease has been executed upon the land prior to the inception of the life estate. Under these circumstances we may consider the law as well settled in Texas that the life tenant is not entitled to the royalty, is impeachable for waste, and though entitled to the use of the royalty (ordinarily regarded as interest on the royalty), so long as the life estate lasts, but such life tenant must account to the remaindermen for the royalty at the termination of the life estate." Citing cases.

■ The conveyances by the Puenticitas Oil Company, at the request of Alice Bea-

trice Simmonds, to herself and ten others whom she had selected of each receiving ½₂nd of the ⅞ths mineral interest in the 5,665.7 acre tract was not illegal except that the life tenant could not acquire for herself ½₂nd of the ⅞ths mineral interest.

The judgment of the Trial Court is reversed and remanded with instruction to enter judgment in accordance with this opinion.

Reversed and remanded with instructions.

## ON APPELLEES' MOTION FOR REHEARING

On Motion for Rehearing appellees contend that our opinion be limited to a ½ of the ½₂nd of the ⅞ths mineral in the 5,665.7 acres of land because the ½ interest in the minerals constituted the community property as between the decedent, B. B. Simmonds and the life tenant, and that the conveyance by Mrs. Simmonds to the Puenticitas Oil Company conveyed the entire community interest and that this Court has treated the reconveyed ½₂nd of the ⅞ths interest as coming entirely out of the estate of the decedent in which Mrs. Simmonds has a life estate.

We are unable as a matter of law to determine the effect and extent of the reconveyance of the ½₂nd of the ⅞ths interest and such is a fact issue to be decided by the Trial Court in the first instance on evidence, the burden resting on the plaintiffs to show the source of such reconveyed interest, and we remand the case to the Trial Court for such purpose. To this extent the motion is granted and in other respects it is overruled.

We direct the attention of the Trial Court and the parties hereto to Ford v. Anderson et al, Tex.Civ.App., 83 S.W.2d 443, where it is held that the presumption that grantees in deeds are conveyed equal in-

terests does not apply to grantors. By analogy, we would hold that the presumption does not apply to a grantor conveying in dual capacities.

Motion granted in part and in part overruled.